## WALLACE v. UNITED STATES.
### No. 14594.

United States Court of Appeals
Eighth Circuit.
Oct. 28, 1952.

V. Wayne Marsh, Mohall, N. D., for appellant. Appellant filed brief pro se.

Francis G. Dunn, Asst. U. S. Atty., Sioux Falls, S. D. (Leo P. Flynn, U. S. Atty., Sioux Falls, S. D., on the brief), for appellee.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered March 25, 1952, denying a motion of the appellant to correct an alleged clerical error in a judgment and sentence entered against him on April 22, 1943, in the District Court after he had been found guilty by a jury of the armed robbery of a federally insured bank in South Dakota. His claim is that at the time the verdict of the jury was returned into court and sentence imposed he was not represented by counsel, and that he is entitled to have the judgment and sentence corrected to so show.

The appellant is the same Alva Wallace who in 1948 appealed from an order of the District Court dismissing a motion for the vacation of his sentence. That order was affirmed by this Court in Wallace v. United States, 8 Cir., 174 F.2d 112, certiorari denied 337 U.S. 947, 69 S. Ct. 1505, 93 L.Ed. 1749. That decision of this Court, we think, established the validity of the sentence imposed upon Wallace. We held in that case that the records of the District Court reciting that Wallace was represented by counsel when the verdict of the jury was returned and when he was sentenced were impervious to his assertion that he was not so represented, and that he was not entitled to offer testimony on that issue. See page 119 of 174 F.2d.

Apparently what Wallace is asking this Court to do is to compel the District Court to change its records to show that he was not represented by counsel at the time the jury's verdict was returned and he was sentenced. Wallace had once before, in 1947, moved the District Court to correct its judgment to show that John W. Kaye, "petitioner's retained counsel," was not present at the time in question, and that Vernon Williams, a lawyer who had participated in the trial and who was present when the jury returned its verdict and sentence was imposed, represented only Wallace's codefendant Story, page 117 of 174 F.2d. The District Court denied this motion and, so far as we are advised, Wallace took no appeal from the denial. It was not until March 10, 1952, that he filed the motion from the denial of which he has now appealed.

We do not propose to discuss in detail the showing made by Wallace and the counter-showing made by the Government upon the hearing of Wallace's last motion. The record on appeal indicates that Wallace and Story were jointly indicted, jointly tried, jointly represented by two attorneys at their trial, and jointly convicted, and that both of their attorneys were present at all stages of the proceedings except at the time the jury's verdict was returned and sentence imposed, when only one of them was in court. An affidavit of the Clerk of the District Court shows that no separate appearances were entered by the attorneys for the defendants and that each of the attorneys participated in the trial on behalf of both defendants.

The question whether the record of the judgment and sentence was correct was

essentially one for the determination of the. judge who presided at the trial and imposed sentence.

 For the purposes of this appeal we have assumed, without deciding, that the order from which Wallace has appealed is an appealable order. It is our conclusion that the District Court did not err in denying the motion of Wallace to correct the judgment and sentence.

The order appealed from is affirmed.