**Edgar HOLLAND, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**No. 20324.**

United States Court of Appeals,
Eighth Circuit.

Nov. 12, 1970.

Rehearing En Banc and Rehearing
Denied Dec. 21, 1970.

Edgar Holland, filed brief pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo.; and B. J. Jones, Asst. Atty. Gen., filed brief for appellee.

Before VAN OOSTERHOUT and BRIGHT, Circuit Judges, and NEVILLE, District Judge.

PER CURIAM.

Edgar Holland, a Missouri state prisoner, sought relief from a 1945 conviction and life sentence for first degree murder of his wife. The Missouri Supreme Court affirmed his initial conviction in State v. Holland, 354 Mo. 527, 189 S.W.2d 989 (1945). The petitioner unsuccessfully sought post-conviction relief in the Missouri courts. *See* State v. Holland, 412 S.W.2d 184 (Mo.1967). Thereafter, on April 13, 1967, Holland filed a petition for habeas corpus in federal district court. The district court, after granting him three evidentiary hearings, denied relief on March 11, 1970. The court's opinion, written by Chief Judge Becker, is reported as Holland v. Swenson, 313 F.Supp. 565 (W.D.

Mo.1970). Petitioner appeals pro se [1] and argues that the State of Missouri obtained the conviction in violation of his constitutional rights.

Although we conducted our review of this case without the benefit of the transcript of testimony which was presented before the district court,[2] we have carefully examined the record presented to us on this appeal. We affirm on the basis of the district court's opinion.

Because of the pro se nature of this appeal and the absence of a transcript of proceedings in the federal district court, we have also reviewed a summarization of relevant evidence which petitioner's then retained counsel prepared for the district court. From this review, we conclude that Judge Becker's findings fairly summarize the evidence petitioner introduced in support of his contentions as made in the district court. As indicated in Judge Becker's opinion, the testimony was in conflict. We are bound by Rule 52(a), Fed.R.Civ.P., which provides that findings of fact are not to be set aside unless they are "clearly erroneous." In view of the conflicting nature of the evidence presented at the district court hearing, we think it unlikely that a reading of the transcript of evidence produced in the district court would change our view of the case that the district court did not err in denying Holland's petition.

Affirmed.

1. Judge Becker determined that petitioner did not qualify as an indigent and thus this appeal is not taken in forma pauperis. Holland was represented by counsel at the district court hearing before Judge Becker.

2. Appellant contends that his counsel in district court and his civil death trustee (*see* Mo.Stat.Ann. §§ 222.010 (Vernon's 1962), 460.010 *et seq.* (Vernon's 1956)) frustrated his attempts to obtain the transcript in question. This court afforded petitioner an opportunity to delay submission of his case until such time as he might obtain and present such transcript to us. He responded:

"Due to my age—70 years—and bad health (congestive heart failure) I would prefer that my case be called on the date set by the court. As I stated before, I was willing to pay for the transcript from Judge Becker's court, but at this late date, and for the above health and age reasons I have just stated, I am willing to rely on the inherent fairness of this court's interpretation of just how and why my court appointed attorney has completely failed to act on my behalf and have the court rule on the merits of my claims."