STATE of Iowa, Respondent,

v.

John Daniel MULQUEEN, Appellant.

No. 54616.

Supreme Court of Iowa.

June 17, 1971.

John Daniel Mulqueen, pro se.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Michael S. McCauley, County Atty., for respondent.

RAWLINGS, Justice.

Trial court sustained respondent State's motion for summary disposition of movant's *pro se* petition for relief in the nature of *coram nobis,* dealt with as a statutory application for post conviction remedy. Movant appeals. We reverse.

John Daniel Mulqueen was confined in the California State Prison at Folsom, Represa, California, when the instant petition was filed. He claims to be of subnormal intelligence and has a criminal record.

Movant contends, in substance, he had suffered serious injuries as the result of an automobile accident, was arrested and hospitalized; April 14, 1958, an assistant county attorney visited him in the hospital; this official advised movant to the effect that if he waived counsel and pled guilty to breaking and entering, the State would

make no recommendations, otherwise an additional auto theft charge would be filed, and the county would no longer pay his hospital expenses; April 23rd a breaking and entering charge was filed against him. The same day movant appeared in District Court, Dubuque County; was cursorily offered benefit of counsel, which he orally waived; his guilty plea accepted; a sentence of not more than ten years in prison immediately entered.

November 18, 1960, movant was released on parole from which final discharge was given February 8, 1962.

On or about August 13, 1970, movant filed in the District Court, Dubuque County, an instrument captioned, "Petition for Relief in Nature of Courm [sic] Nobis (Motion to Annul, Vacate and Set Aside Judgment) Pursuant to 28 U.S.C., § 1651." Appended thereto was a "Motion to Proceed in Forma Pauperis", a "Motion for Appointment of Counsel", and an "Affidavit in Forma Pauperis". At no time in the course of any subsequent proceedings was an attorney appointed to represent movant.

Trial court justifiably treated the aforesaid petition as an application for postconviction relief under the Second Session, Sixty-Third General Assembly, Chapter 1276 (The Code 1971, chapter 663A). By statutory enactment this may be cited as the "Uniform Postconviction Procedure Act." The Code 1971, Section 663A.11.

By his application for postconviction relief movant asserts, as best we can determine, the April 1958, conviction contravened due process requirements in that trial court did not then meaningfully advise him regarding right to counsel, he did not knowingly waive benefit thereof, his guilty plea was of no legal force or effect, and judgment entered thereon was invalid.

September 16, 1970, the State filed a "Motion for Summary Disposition and Dismissal" of the instant application, with supportive brief. Copies of these documents were mailed to movant about Sep-

tember 17th. There is no indication in the record before us as to when they were received.

September 23, 1970, trial court peremptorily sustained the State's summary dismissal motion. A copy of that order was mailed to movant the next day. Again the record fails to disclose date of receipt thereof.

On or about October 5, 1970, there was filed in the trial court a document bearing date September 28, 1970, identified as movant's "Reply Brief to State's Brief in Support of State's Motion for Summary Disposition and Dismissal". This apparently evoked no response by trial judge or the State.

On appeal movant contends his application was erroneously dismissed in that counsel was not appointed to represent him as requested, he was denied an evidentiary hearing, never properly informed relative to time or method for consideration of the application for postconviction relief, and the court erred in holding the matter moot.

I. Timely notice of appeal was filed by movant. See The Code 1971, Section 663A.9; rule 336, Ia.R.Civ.P.

Sometime in January 1971, exact date unknown, petitioner mailed from the prison in California, what is designated "Exhibits and Record", received by the Clerk of this Court January 22, 1971.

March 3, 1971, the State moved to dismiss this appeal because of failure on part of movant to file a printed record as required by rule 342, Ia.R.Civ.P.

Had trial court appointed counsel for movant as requested, this problem would probably have been avoided.

Under existing circumstances we shall treat the aforesaid "Exhibits and Record", though fragmentary, as the statutorily required record. See Blanchard v. Brewer, 429 F.2d 89, 90–92 (8 Cir.); Board of Directors v. Cherokee County, 260 Iowa 210,

215, 149 N.W.2d 304; Ford v. State, 258 Iowa 137, 141–143, 138 N.W.2d 116; Stolar v. Turner, 236 Iowa 628, 631, 19 N.W.2d 585; cf. Rodriquez v. United States, 395 U.S. 327, 329–332, 89 S.Ct. 1715, 1717–1718, 23 L.Ed.2d 340.

II. Since the case at hand is one of first impression with us it is essential we inceptionally interpret Code chapter 663A as it relates to those procedural problems instantly presented.

Legislative adoption of that Act was at least partially prompted by Case v. The State of Nebraska, 381 U.S. 336, 337, 85 S.Ct. 1486, 1487, 14 L.Ed.2d 422, where the court clearly held, absence of an effective state postconviction remedy may stand as a denial of due process under the Fourteenth Amendment.

In any event, prior to enactment of this legislation, postconviction relief in Iowa was confined to a judicially expanded concept of habeas corpus. See Ely v. Haugh, 172 N.W.2d 144, 146–148 (Iowa); Sewell v. Lainson, 244 Iowa 555, 567, 57 N.W.2d 556. See also The Code 1971, chapter 663; Johnson v. Zerbst, 304 U.S. 458, 465–466, 58 S.Ct. 1019, 1023–1024, 82 L.Ed. 1461; 3 Drake L.Rev. 30, 34–35; 80 Harv. L.Rev. 422, 427–436. Compare with Farrant v. Bennett, 347 F.2d 390 (8 Cir.); Lockard v. Clark, Sheriff, 166 Iowa 556, 558–559, 147 N.W. 900.

And such habeas proceedings stood as law actions, accordingly considered on appeal. Janvrin v. Haugh, 171 N.W.2d 275, 276 (Iowa); Hoskins v. Bennett, 256 Iowa 1370, 1377, 131 N.W.2d 510; see State v. Hellickson, 162 N.W.2d 390, 393–394 (Iowa).

III. The question next to be resolved is the nature of proceedings under Code chapter 663A.

There is no need to engage in any extended discussion of this subject. We are satisfied a statutory postconviction review proceeding, like habeas corpus, stands in this jurisdiction as an action at law, triable to the court. See Code § 663A.7; cf. Holland v. Swenson, 433 F.2d 909, 910 (8 Cir.); 32 F.R.D. 393, 396. See generally ABA Standards, Post-Conviction Remedies, Approved Draft, at 25 et seq.

That in turn means, trial courts shall in each such action make findings of fact in writing with separately stated conclusions and appropriate judgment. Code § 663A.7; rule 179, Ia.R.Civ.P. See also United States v. Hayman, 342 U.S. 205, 219–220, 72 S.Ct. 263, 272–273, 96 L.Ed. 232; cf. Townsend v. Sain, 372 U.S. 293, 310–314, 83 S.Ct. 745, 756–758, 9 L.Ed.2d 770.

The foregoing is instantly important because we have repeatedly held:

"In a law action tried to the court as here, our review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f) (1), R.C.P. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule, does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 840, 118 N.W.2d 565, 567; France v. Benter, 256 Iowa 534, 536, 128 N.W.2d 268, 270. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them." Beneficial Finance Company of Waterloo v. Lamos, 179 N.W.2d 573, 578 (Iowa).

This case will be accordingly considered on appeal. See Evans v. Rosenberger, 181 N.W.2d 152, 154–155 (Iowa); Janvrin v.

Haugh, 171 N.W.2d 275, 276 (Iowa); Hoskins v. Bennett, 256 Iowa 1370, 1377, 131 N.W.2d 510; 33 F.R.D. at 473, n. 56.

IV. It has also been held, establishment of postconviction remedy legislation is constitutionally proper as a means by which convicted persons may collaterally attack a conviction or sentence in a forum other than that available in habeas actions. See United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232; Handbook of the National Conference of Commissioners on Uniform State Laws (The Handbook), comment at 271–272. For additional discussions relative to the historical background, purpose of postconviction review, and guideline forms, see 50 F.R.D. 153; 45 F.R.D. 199; 39 F.R.D. 281; 33 F.R.D. 452; 32 F.R.D. 391.

V. An examination of Code chapter 663A, readily reveals it is, as to content, a legislative codification of the Second Revised Uniform Postconviction Act. See The Handbook at 271; ABA Standards, Post-Conviction Remedies, Approved Draft, at 102, et seq.

This, at the threshold, is demonstrated by the fact that Code § 663A.11 specifically declares the Act may, as aforesaid, be cited as the "Uniform Postconviction Procedure Act."

Also, Code § 663A.10, states:

"This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

That clearly means we may look to commissioners' comments or notes, decisions of federal courts, and those of sister states for guidance in the interpretation of the instant Act. See The Code 1971, Section 5.4; Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa); Hubbard v. State, 163 N.W. 2d 904, 909 (Iowa); 82 C.J.S. Statutes § 362; 50 Am.Jur., Statutes, § 319; cf. The Handbook at 269–270, comment at 275–276.

VI. By reason of the result reached *infra*, we confine ourselves to procedural matters here involved.

In that regard there are two problems which must be resolved, (1) movant's right to appointed counsel in this postconviction relief proceeding; (2) the method employed by trial court in summarily disposing of the instant application. Though to some degree interrelated they will be considered in that order.

Code § 663A.5, provides:

"If the applicant is unable to pay court costs and *expenses of representation,* including stenographic, printing, *and legal services*, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review." (Emphasis supplied).

And § 663A.6 states in relevant part:

"Within thirty days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits. At any time prior to entry of judgment the court may grant leave to withdraw the application. The court may make appropriate orders for amendment of the application or any pleading or motion, for pleading over, for filing further pleadings or motions, or for extending the time of the filing of any pleading. In considering the application the court shall take account of substance regardless of defects of form. If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application."

It would appear, by this statutory provision, the legislature anticipated some Code chapter 663A applications might prove to be so inartistically drawn or fundamentally

deficent as to require amendment or complete substitution by an attorney. Cf. Code § 663A.3.

On that point Professor David J. Meador said in 50 A.B.A.J. 928 at 930: "State judges must learn to read inartfully drawn petitions liberally in favor of the petitioner, for that is what the federal courts do * * *."

Dealing with an applicant's right to hearing and appointment of an attorney in a postconviction review proceeding under 28 U.S.C. § 2255, the court said in Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148:

> " * * * we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to appoint counsel to represent the applicant. Cf. Coppedge v. United States, 369 U.S. 438, 446, 82 S.Ct. 917, 921–922, 8 L.Ed.2d 21."

28 U.S.C. § 2255 was also involved in Milani v. United States, 319 F.2d 441 (7 Cir.), and the court stated at 443:

> "As part of the relief asked by petitioner in forma pauperis was his request for the appointment of counsel. The District Court denied this request.

> "In view of recent Supreme Court cases such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (March 18, 1963) and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (April 29, 1963) it is our view that the District Court should appoint counsel to represent the petitioner. After counsel has had an opportunity to communicate with petitioner and to examine the appropriate records, the District Court should then grant an appropriate hearing."

See 33 F.R.D. 365, 384; cf. 50 Iowa L. Rev. 1246.

Furthermore, ABA Standards, Post-Conviction Remedies, Approved Draft, § 4.4(a), says:

> "It is more desirable to avoid processing of applications for post-conviction relief beyond the initial screening of the documents without counsel representing the application. *Counsel should be provided for pro se applicants unable to afford adequate representation.* When private counsel are appointed to represent such applicants, their services should be compensated adequately from public funds." (Emphasis supplied).

In the case at bar movant's application challenges a prior conviction based upon an allegedly involuntary guilty plea and requests appointment of counsel, supported by his affidavit of indigency.

Martin v. United States, 199 F.2d 279 (8 Cir.), likewise dealt with an application for relief under 28 U.S.C. § 2255, and the movant alleged, *as in the case at bar,* his conviction was a nullity, having been foundationed upon a guilty plea absent advice to the effect an attorney would be appointed to represent him if he so desired. On appeal the court, in holding movant was entitled to a hearing on his application for postconviction relief, aptly commented at 199 F.2d 282:

> "While we have grave doubts that the defendant is legally entitled to a hearing on his motion, since the record seems to indicate that he intentionally waived his right to have the advice and assistance of counsel and that his plea was voluntary, we think that the proper course for the District Court to pursue, under all the circumstances, is to grant the defendant a hearing on his motion, * * * determine the issues, and make findings of fact and conclusions of law.

> "The order denying the defendant's motion to set aside his sentence is vacated, and the case is remanded for further proceedings in conformity with this opinion."

To like effect is this statement in Sanders v. United States, 373 U.S. 1, 22, 83 S. Ct. 1068, 1080–1081, 10 L.Ed.2d 148:

"The need for great care in criminal collateral procedure is well evidenced by the instant case. Petitioner was adjudged guilty of a crime carrying a heavy penalty in a summary proceeding at which he was not represented by counsel. Very possibly, the proceeding was constitutionally adequate. But by its summary nature, and because defendant was unrepresented by counsel, a presumption of adequacy is obviously less compelling than it would be had there been a full criminal trial. * * * In such a case it is imperative that a fair opportunity for collateral relief be afforded. *An applicant for such relief ought not to be held to the niceties of lawyers' pleadings or be cursorily dismissed because his claim seems unlikely to prove meritorious."* (Emphasis supplied).

Cf. Townsend v. Sain, 372 U.S. 293, 313–318, 83 S.Ct. 745, 757–759, 9 L.Ed.2d 770.

Significant here are the authoritatively supported views expressed in Dillon v. United States, 307 F.2d 445, 447–448 (9 Cir.):

"* * * a request for counsel in proceedings under Section 2255 is addressed to the sound discretion of the court. This is true at both the trial and appellate levels. The standard to be applied by the trial court in the exercise of this discretion has not been clearly established. There is case authority indicating that counsel should be appointed in collateral attack proceedings whenever it appears probable that any substantial issue, or at least a substantial issue of fact, will be presented. The same standard has been applied by Courts of Appeals in determining whether to appoint counsel in appeals from this type of proceeding except, of course, that substantial issues at the appellate level are more likely to be issues of law.

"* * * For purposes of this case it is enough to agree with the recent suggestion of the Court of Appeals for the Second Circuit (United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715) that 'where a petition for the writ [of habeas corpus] presents a triable issue of fact the clear presentation of which requires an ability to organize factual data or to call witnesses and elicit testimony in a logical fashion it is much the better practice to assign counsel.' There is no reason for applying a different standard in proceedings under Section 2255. Measured by this standard, we are satisfied that a proper exercise of discretion by the District Court required that appellant's request for counsel be granted; we therefore need not inquire whether in the circumstances of this case due process compelled the appointment of counsel."

And at 450 is this statement:

"The question is how badly the *prisoner* needed help; the seriousness of the problem must be judged from his point of view. 'That which is simple, orderly and necessary to the lawyer,' as the Supreme Court has pointed out, (Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461) 'to the untrained layman may appear intricate, complex and mysterious.' Even judged by a lawyer's standards, the issue presented here was not uncomplicated."

■ An examination of the instant application for postconviction relief discloses movant specifically contends, while he was hospitalized an assistant county attorney appeared, as aforesaid, and advised him to the effect he was charged with breaking and entering, whereupon movant asserted his innocence of theft and was told "should he protest the county would then file an additional charge of car theft."

"April 23, 1958, appellant [movant], nine days after discharge from the hospital in near blindness (See: Exhibit 'D'), was 'led' into the county attorney's

office, where he was again threatened (See: Exhibit 'B') and shortly-thereafter, in the court room, acting in a dejected and psychologically depressed and defeated state of mind due to the futility involved, was induced, permitted and allowed to waive his constitutional right to counsel, and enter a plea of guilty, in the complete absence of any preliminary examination, to a charge of which he was not guilty.

"Appellant [movant] at the time of his arrest was 30 years old. A childhood skull-fracture had resulted in brain damage (See: Iowa State Penitentiary admittance records of which are unavailable to appellant [movant] for an exhibit) and had a mental capacity of a 9 to 17 year old. Appellant [movant] had earlier spent several months in federal and state institutions in which he obtained extensive psychiatric treatment. Appellant's [movant's] vocabulary was extremely limited, as was his understanding of much everyday language. Appellant [movant] was abnormally anxious to please and very susceptible to suggestion."

Under existing circumstances an attorney should have been appointed to represent movant. Such would have been beneficial to him, conducive to a just disposition of this case in the trial court, and most certainly helpful on this appeal.

That is not to be construed, however, as meaning an attorney must *always* be appointed to represent an indigent, or hearing accorded on every application for postconviction review. See Johnson v. Avery, 393 U.S. 483, 487–488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718; Cates v. Ciccone, 422 F.2d 926, 928 (8 Cir.); Stanley v. Wainwright, 406 F.2d 8, 10 (5 Cir.); Queor v. Lee, 382 F.2d 1017, 1018 (5 Cir.); State v. Tahash, 152 N.W.2d 301, 305–307 (Minn.); cf. 43 F.R.D. 343.

Confining ourselves to the factual situation here presented we now hold trial court erred in failing to appoint an attorney to represent this indigent movant in the processing of his application for postconviction review.

VII. Next to be considered is trial court's peremptory dismissal of the instant action.

In that regard Code § 663A.6, to the extent here relevant, provides:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. *The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. *Disposition on the pleadings and record is not proper if a material issue of fact exists.* (Emphasis supplied).

"The court may grant a motion by either party for summary disposition of the application, *when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.*" (Emphasis supplied).

It is thus evident provision is made for two methods of summary disposition. First, on the court's initiative in which event the applicant is foundationally entitled to notice of such intent and opportunity to respond thereto prior to final disposition. Second, on motion by either party.

With regard to disposition by the court on its own motion, first above, this pertinent statement is found in Machibroda v.

United States, 368 U.S. 487, 493–495, 82 S.Ct. 510, 513–514, 7 L.Ed.2d 473:

"There can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack. See Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316 U.S. 101, 62 S. Ct. 964, 86 L.Ed. 1302; Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L. Ed.2d 579, reversing, 5 Cir., 246 F.2d 571. 'A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.' Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009.

"The District Court recognized that the 'charges of an agreement between a former Assistant United States Attorney and the defendant are serious,' and stated that if 'this Court had any doubt as to their falsity it would require a hearing.' The court determined, however, that the combination of factual inferences already mentioned 'conclusively indicates the falsity of the defendant's allegations.' 184 F.Supp. 881 at 883.

"*We think the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255, 28 U.S.C.A. § 2255, when it made findings on controverted issues of fact without notice to the petitioner and without a hearing.* United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232. The

statute requires a District Court to 'grant a prompt hearing' when such a motion is filed, and to 'determine the issues and make findings of fact and conclusions of law with respect thereto' unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection. (Emphasis supplied).

"* * *

"There will always be marginal cases, and this case is not far from the line. But the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible. If the allegations are true, the petitioner is clearly entitled to relief. Accordingly, we think the function of 28 U.S.C. § 2255, 28 U.S.C.A. § 2255 can be served in this case only by affording the hearing which its provisions require."

See Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770; cf. Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa).

Turning now to summary disposition on motion by either party, second above, it is at once evidence the relevant language employed in Code § 663A.6 is comparable to that in rule 237(c), Ia.R.Civ.P., relative to summary judgments. See Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W.2d 471, 476–477 (Iowa).

Additionally, Code § 663A.7 makes *all* our rules and statutes in civil actions applicable to postconviction review proceedings.

Also, as stated in ABA Standards, Post-Conviction Remedies, Approved Draft, § 4.5, Commentary at 68–69:

"The quest for an expeditious way to dispose quickly and correctly of litigation is common to most procedural systems. In civil matters, efforts to make pleadings serve as the basis for effective disposition of cases have been, in the main, futile. Rather the goal has become to devise a method of disposition after the case has been fully developed by both sides, but before actual trial. *This is illustrated by the summary judgment procedure of the Federal Rules of Civil Procedure, Rule 56.*" (Emphasis supplied).

And Bauer v. Stern Finance Company, 169 N.W.2d 850, 853 (Iowa), discloses our rule 237 is based on rule 56 of the Federal Rules of Civil Procedure.

So it appears rule 237, Ia.R.Civ.P. is applicable to motions by either party for summary disposition of an application for postconviction relief.

In light of the foregoing reference to Bass v. Iowa Public Service Company, 184 N.W.2d 691 (Iowa), is appropriate in that we there held, motions for summary judgment must be specifically set for hearing at a time not less than ten days from date of filing.

It is thus apparent trial court proceeded erroneously in peremptorily sustaining respondent State's motion to dismiss movant's application.

VIII. For reasons stated above this case must be reversed and remanded for further proceedings consistent herewith.

Reversed and remanded with instructions.

All Justices concur, except REYNOLDSON, J., who takes no part.