Gary Vance CHARTIER, Appellant,

v.

STATE of Iowa and Dallas County District Court, (Fifth Judicial District, M. C. Herrick and Robert O. Frederick, Judges), Appellees.

No. 2–56470.

Supreme Court of Iowa.

Nov. 13, 1974.

Daniel J. Spellman, Perry, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Peter A. Keller, County Atty., for appellees.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

MOORE, Chief Justice.

On April 4, 1974 petitioner, Gary Vance Chartier, then incarcerated in the men's penitentiary at Fort Madison, filed in Dallas County District Court his pro se "Application for Post-Conviction Relief and Due Process." It was inartfully drawn and set out a long history of events following his November 17, 1969 Dallas County District Court sentence of not to exceed 15 years in the penitentiary. His many allegations included assertions his transfer to the Riverview Work Release Center at Newton had been revoked without notice for furlough violations.

On April 27, 1973, the Dallas County Attorney representing respondents filed a motion to dismiss the application, claiming: "* * * this alleged factual situation is not within the scope of chapter 663A (section 663A.2) and postconviction relief is not a proper remedy under these circumstances. Further, the alleged incidents in said application have absolutely nothing to do with applicant's conviction in Dallas County and the alleged acts occurred outside Dallas County."

On May 2, 1973, petitioner, still without counsel, filed a three-page typewritten resistance to respondents' motion to dismiss his application. It again set out a factual history of events following his sentencing. His resistance included: "The applicant stipulates that his conditional release has been unlawfully revoked and that his term of sentence, due to which he is presently confined in custody and restraint, has been wrongfully extended beyond the minimum authorized by Sections 246.39, 246.41 and 246.43, I.C.1971 (See: Exhibit A, as attached)."

On May 8, 1973 without prior notice or hearing, Judge M. C. Herrick by a short calendar entry sustained respondents' motion to dismiss.

Petitioner's action was dismissed. He pro se gave timely notice of appeal. Thereafter his present appeal counsel was appointed. Attached to his original application was an in forma pauperis affidavit setting forth his indigent condition.

Petitioner-appellant presents three questions on this appeal: 1) Did the trial court err in failing to appoint counsel to represent indigent petitioner in the lower court? 2) Did the trial court err in summarily dismissing petitioner's application by short calendar entry? 3) Did the trial court err in summarily dismissing petitioner's application without a hearing?

As we point out infra the first and third questions must be answered in the affirmative. Reversal and remand for further proceedings in the lower court is required. We need not reach the second question.

■ I. In State v. Mulqueen, Iowa, 188 N.W.2d 360, we analyze and interpret the provisions of Code Chapter 663A, the Uniform Postconviction Procedure Act. At pages 363 through 366 we review the holdings of several jurisdictions dealing with the problem of appointment of counsel for indigents in postconviction cases. Repetition is unnecessary. They establish and we hold in Mulqueen that counsel should be appointed by the trial court when the circumstances of the particular case establish such appointment would be beneficial to petitioner, conducive to a just disposition of the case in the trial court, and helpful on an appeal.

Such an appointment is contemplated and authorized by section 663A.5 which provides:

"If the applicant is unable to pay court costs and *expenses of representation,* including stenographic, printing, *and legal services,* these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review." (Emphasis supplied).

■ Certainly when petitioner Chartier was faced with technical pleading problems raised by the motion to dismiss his pro se application, legal assistance would have been beneficial to him. It could have been conducive to a more complete record in the trial court and perhaps would have avoided this appeal.

Under the factual situation of this case we hold the trial court erred in failing to appoint an attorney to represent petitioner in the lower court.

II. We now reach petitioner-appellant's third question. Did the trial court err in summarily dismissing petitioner's application without a hearing?

As relevant here section 663A.6 provides:

"When a court is satisfied, on the basis of the application, the answer or motion,

and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. *The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. *Disposition on the pleadings and record is not proper if a material issue of fact exists.* (Emphasis supplied).

"The court may grant a motion by either party for summary disposition of the application, *when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.*" (Emphasis supplied).

We are not here concerned with the first method of summary disposition referred to in the statute. Respondents' motion to dismiss calls for consideration of the second method—that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

In State v. Mulqueen, supra, Iowa, 188 N.W.2d 360, 367, 368, we say:

"Turning now to summary disposition on motion by either party, second above, it is at once evidence the relevant language employed in Code § 663A.6 is comparable to that in rule 237(c), Ia.R.Civ.P., relative to summary judgments. See Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W.2d 471, 476–477 (Iowa).

"Additionally, Code § 663A.7 makes *all* our rules and statutes in civil actions applicable to postconviction review proceedings.

"* * *.

"So it appears rule 237, Ia.R.Civ.P. is applicable to motions by either party for summary disposition of an application for postconviction relief.

"In light of the foregoing reference to Bass v. Iowa Public Service Company, 184 N.W.2d 691 (Iowa), is appropriate in that we there held, motions for summary judgment must be specifically set for hearing at a time not less than ten days from date of filing.

"It is thus apparent trial court proceeded erroneously in peremptorily sustaining respondent State's motion to dismiss movant's application."

■ As in Mulqueen, the trial court here erred in not setting respondents' motion to dismiss down for hearing.

■ III. The third question here presented must be answered in the affirmative for the additional reason that the application for postconviction relief and petitioner's resistance to the motion to dismiss generated fact questions which would bar granting summary judgment and require a hearing before the trial court.

Section 663A.1 provides:

"Statutes not applicable to convicted persons. The provisions of sections 663.1 through 663.44, inclusive, shall not apply to persons convicted of, or sentenced for, a public offense."

As pertinent section 663A.2 provides:

"Situations where law applicable. Any person who has been convicted of, or sentenced for, a public offense and who claims that:

"* * *.

"5. His sentence has expired, his probation, parole, or conditional release has been unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or * * *."

The documents filed by petitioner sufficiently raised the above statutory grounds. He should have been given a trial and assistance of counsel in presenting his contentions.

Section 663A.7 provides applications for postconviction relief are to be heard in, and before any judge of, the court in which the conviction or sentence took place.

We reverse the trial court's dismissal of petitioner's application for postconviction relief and remand the matter to the trial court for proceedings in accordance herewith.

Reversed and remanded.