Thomas A. DODD, Appellant,

v.

STATE of Iowa, Appellee.

No. 2–57709.

Supreme Court of Iowa.

Aug. 29, 1975.

Charles G. Neighbor, Newton, and Robert N. Clinton, and Barry A. Lindahl, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., John G. Mullen, Asst. Atty. Gen., and Kenneth Whitehead, County Atty., for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Thomas A. Dodd appeals from trial court's sua sponte dismissal of his application for postconviction relief under Code chapter 663A. We reverse and remand.

In 1955 Dodd entered a plea of guilty to a murder charge and after degree-of-guilt hearing, was sentenced to life imprisonment at the penitentiary.

In 1970 Dodd made application for postconviction relief. In 1971 the application was granted and a new trial ordered be-

cause the trial court failed to "submit the issue of sanity, competency, ability to premeditate and ability to aid in his defense to a jury for determination under Chapter 783, 1954 Code of Iowa."

Dodd in 1972 entered a plea of guilty to the amended charge of second degree murder and was sentenced to serve 80 years imprisonment in the penitentiary.

On August 6, 1974 Dodd initiated this postconviction proceeding by filing his "Motion to Vacate Judgment and Sentence Pursuant to Senate File 444" and his "Application for Appointment of Effective Assistance of an Attorney."

Dodd's 1974 pro se application alleged errors in the 1972 guilty plea proceeding in claiming (1) failure to reindict, (2) failure to produce evidence of guilt and (3) involuntariness due to unreasonable pleading alternatives.

Dodd's application for appointment of counsel included, "That because of Defendant's poverty he is unable to employ the assistance of counsel to represent him in the attached motion to vacate judgment and sentence."

Without any appearance or motion by the State, on August 26, 1974 this calendar entry was made:

"Defendant's motion to vacate judgment and application for appointment of counsel filed Aug. 6, 1974, are each overruled. Defendant has already been granted a new trial and resentenced Feb. 28, 1972, after being granted postconviction relief in Civil No. 4589–83–227 on May 19, 1971, & is not entitled to further relief or remedy. M. C. Herrick, Judge."

On October 14, 1974, the same day Dodd gave notice of appeal, this additional calendar entry was made:

"The motion of Thomas A. Dodd for appointment of counsel is overruled for the reasons stated in the order of Aug. 26, 1974. M. C. Herrick, Judge."

■ I. Petitioner-appellant first asserts the trial court violated the provisions of our Uniform Postconviction Procedure Act, Code chapter 663A and denied him due process of law by summarily dismissing application without first giving him notice of and an opportunity to respond to the proposed dismissal. He asks this court to remand the cause for a hearing on the merits.

The State properly concedes error in regard to trial court's noncompliance with the notice requirements of Code section 663A.6, which in relevant part provides:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. *The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. *Disposition on the pleadings and record is not proper if a material issue of fact exists.* (Emphasis supplied).

"The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

As we point out in *Chartier v. State,* Iowa, 223 N.W.2d 255, we thoroughly analyzed and interpreted the provisions of chapter 663A in *State v. Mulqueen,* Iowa, 188 N.W.2d 360. In *Mulqueen* at page 366, we noted section 663A.6 provides two methods of summary disposition:

" * * *. First, on the court's initiative in which event the applicant is foundationally entitled to notice of such intent

and opportunity to respond thereto prior to final disposition. Second, on motion by either party."

We are here considering the first method. The record undisputedly establishes the trial court gave no notice of intention to dismiss the application. The trial court erred in not complying with the provisions of section 663A.6 and our holding in *Mulqueen*.

■ II. Additionally it is evident the trial court erred in holding the 1970–71 postconviction proceeding involving his 1955 guilty plea and sentence barred the 1974 postconviction application relating to his 1972 guilty plea and sentence.

■ This cause must be remanded to the trial court for further proceeding on petitioner-appellant's application for postconviction relief. If the trial court pursues its intention to dismiss, then proper notice must be given to applicant and an opportunity afforded to respond thereto, including the right to amend his pleading.

We are unable to agree with the contention the trial court's erroneous dismissal requires a remand for hearing of this cause on its merits.

■ III. Of course denial of appointment of counsel on the ground the first postconviction proceeding barred the 1974 application is erroneous and establishes the trial court did not exercise proper consideration of petitioner-appellant's request for legal assistance.

Section 663A.5 provides:

"If the applicant is unable to pay court costs and *expenses of representation*, including stenographic, printing, *and legal services*, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review." (Emphasis added).

We interpreted section 663A.5 in *State v. Mulqueen*, supra, 188 N.W.2d at 366, as lodging discretion in trial court to appoint counsel.

In *Furgison v. State*, Iowa, 217 N.W.2d 613 the holding in *Mulqueen* is discussed. At page 615 we say:

"Briefly stated, we there observed, 188 N.W.2d at 366, an attorney need not *always* be appointed to represent an indigent postconviction applicant. This perforce means such determination rests in trial court's sound discretion. See *State v. Mulqueen*, 188 N.W.2d at 365, quoting *Dillon v. United States*, 307 F.2d 445, 447–448 (9th Cir. 1962); *State ex rel. Cherry v. Cormier*, 281 So.2d 99, 101 (La. 1973).

"On the other hand *Mulqueen* inferentially indicates trial judges would ordinarily be well advised to appoint counsel for most indigent postconviction review applicants. This view has merit in that it benefits the applicant, aids the trial court, is conducive to a fair hearing, and certainly helpful in event of appeal. See *Sanders v. United States*, 373 U.S. 1, 21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148 (1963).

" * * *.

"So, in determining whether counsel should be appointed, trial judges should inceptionally read the often inartfully drawn application in a light most favorable to the applicant. In event it thus appears a substantial issue of law or fact *may* exist, then counsel should be at once appointed. See generally *State v. Mulqueen*, 188 N.W.2d at 365; *Preston v. State*, 208 Kan. 648, 493 P.2d 187, 189 (1972); *Cureton v. Tollett*, 477 S.W.2d 233, 236 (Tenn.Cr.App.1971)."

■ In *Chartier v. State*, supra, 223 N.W.2d at 257 we stress counsel should be appointed by the trial court when the circumstances of the particular case establish such appointment would be beneficial to petitioner, conducive to a just disposition of the case in the trial court, and helpful on an appeal.

We remand also petitioner's application for appointment of counsel for reconsideration and ruling. The trial court's discretion

is very limited in view of our pronouncements in *Mulqueen, Furgison* and *Chartier.*

We reverse the trial court's dismissal of petitioner's application for postconviction relief and remand the matter to the trial court for proceedings in accordance herewith.

Reversed and remanded.