**Herbert HAUSER et al., Appellants,**

v.

**STATE of Iowa, Appellee.**

**Nos. 2–58686—2–58697.**

Supreme Court of Iowa.

Aug. 30, 1976.

McMahon & Cassel, Algona, for appellants John Bauer and Elmer Urich.

Baker, Miller & Baker, Humboldt, for appellants Merle E. Johnsen and Lyle Runchey.

James E. Houser, Belmond, for appellant L. C. Long.

Fitzgibbons Brothers, Estherville, for appellant Robert L. Reed.

Robert Malloy, Goldfield, for appellant John White, Jr.

Lundy, Butler, Wilson & Hall, Eldora, and Kersten, Opheim, Carlson & Estes, Fort Dodge, and Charles M. Manly, Grinnell, for appellants.

Richard C. Turner, Atty. Gen., and Gary H. Swanson, Asst. Atty. Gen., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

This is a consolidated appeal by the twelve petitioners from district court's dismissal of their respective applications for postconviction relief filed pursuant to Code chapter 663A, the Uniform Postconviction Procedure Act.

By reason of our holding set out infra, we summarize the record and confine ourselves to the procedural matters here involved.

Each of the twelve petitioners is an International Harvester dealer in Iowa. On November 27, 1972, petitioners and 22 others in the same proceeding by their two trial attorneys pled guilty before District Court Judge Paul E. Hellwege to the crime of conspiring to fix prices in violation of section 553.1, Code, 1971. Immediately thereafter each was fined $500.

Between May 12 and June 4, 1975 each petitioner filed almost identical applications for postconviction relief. Each sought to have the guilty plea conviction and sentence set aside on the grounds the standards and guidelines required by our holding in *State v. Sisco*, Iowa, 169 N.W.2d 542, had not been followed in the guilty plea proceedings and they had been denied due process.

Subsequent to obtaining additional time to plead or move, the State on July 2, 1975 filed a motion to dismiss each of the twelve applications for postconviction relief on the grounds that (1) petitioners voluntarily paid their fines; (2) payment of said fines waived all rights to review their convictions and sentences; (3) the issues raised were moot as no collateral legal disadvantages survived satisfaction of the judgment; (4) petitioners had no substantial interest justifying review of their guilty pleas and (5) consideration of the applications on the merits was not justified.

Without any hearing or notice to petitioners of intention to dismiss their applications District Judge Ed. J. Kelley, on July 8, 1975, as to the petitioner Maxine Kimball ordered:

"This matter came on for hearing before the court on a regular motion day. The motion having been on file more than five days, the court rules that the motion to dismiss is sustained."

On the other motions to dismiss Judge Kelley on July 8, 1975 ordered:

"This matter came on for hearing before the Court. The matter being moot, the motion is sustained."

I. The court apparently ignored the provision of Code section 663A.6, which we quote infra, and proceeded under rule 117, Rules of Civil Procedure. As amended, effective July 1, 1975, rule 117 provides:

"(a) The chief judge of each judicial district shall provide by order for at least one motion day to be held each month in each county, when all motions made prior to trial on issues of fact on file ten days or more shall be deemed submitted unless by other rule, statute or order of court entered for good cause shown another time for submission is fixed. Such motions not orally argued for any reason shall be deemed submitted without argument unless they are then, or have previ-

ously been, set down for argument at some time somewhere in the judicial district not more than ten days thereafter, when they must be submitted without further postponement. Each motion filed shall set out the specific points upon which it is based. * * *."

The record clearly establishes no hearing was had on the State's motions. The trial court erroneously treated the motions submitted under the provision of rule 117. Additionally it must be noted the court ruled on the sixth day rather than at the expiration of ten days as required by that rule.

■ II. Within a few days after dismissal of their postconviction relief applications, petitioners filed motions to vacate and reconsider the trial court's July 8 dismissal. They specifically pointed out their statutory right under section 663A.6 to notice and to respond to the State's motion to dismiss. Additionally they asserted the court erred in failing to rule separately on each and every ground of the motion as required by rule 118, R.C.P.

On July 29, 1975 Judge Kelley summarily overruled petitioners' motions to vacate and reconsider. Petitioners thereafter gave timely and proper notice of appeal.

Section 663A.6 in relevant part as to notice requirements provides:

"When a court is satisfied, on the basis of the application, the answer or *motion,* and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. *The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists.

"The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." (Emphasis added).

In *State v. Mulqueen,* Iowa, 188 N.W.2d 360, 366 we noted section 663A.6 provides two methods of summary disposition of postconviction relief applications: first, after notice of intent to dismiss and opportunity for petitioner to respond prior to final disposition and second, by motion for summary judgment under rule 237, R.C.P.

We are here considering the first method. The record indisputedly establishes the trial court gave no notice of intention to dismiss the postconviction applications. The State's brief makes no attempt to defend the court's procedural error. It requires reversal and remand. *Dodd v. State,* Iowa, 232 N.W.2d 472, 474; *Chartier v. State,* Iowa, 223 N.W.2d 255, 257; *State v. Mulqueen,* Iowa, 188 N.W.2d 360, 368.

Each of the twelve consolidated causes must be reversed and remanded to the trial court for further proceedings on each of the twelve petitions. If the trial court pursues its intention to dismiss, then proper notice must be given and an opportunity afforded to respond thereto, including the right to amend the pleadings.

REVERSED AND REMANDED.