Mark HINES, Appellant,

v.

STATE of Iowa, Appellee.

No. 62612.

Supreme Court of Iowa.

Feb. 20, 1980.

Patrick J. Life of Life Law Office, Oskaloosa, for appellant.

Thomas J. Miller, Atty. Gen., Selwyn L. Dallyn, Asst. Atty. Gen., Robert Curnan, County Atty., and Paul Fitzsimmons, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

The State filed a motion to dismiss the postconviction relief application of Mark Hines. The motion was resisted in writing by the applicant, set for hearing by the court, orally argued by the parties, and then sustained by the court.

The question here is whether a postconviction relief applicant, after the above-stated procedural record, is further entitled under section 663A.6, The Code 1977, to a notice of intention to dismiss and opportunity to reply to a proposed dismissal.

Believing he is so entitled, Hines appeals. We disagree and affirm.

In June 1972 Hines pleaded guilty to the crimes of burglary with aggravation in violation of section 708.1, The Code 1971, and rape in violation of section 698.1, The Code 1971. He was sentenced on June 22 to forty years in the Iowa State Reformatory at Anamosa for each offense. The sentences were ordered to run concurrently.

Hines' appeal to this court from those convictions was dismissed upon his request on November 20, 1972.

In 1975 Hines filed a pro se postconviction relief application that was ultimately dismissed.

On March 3, 1978, Hines, through counsel, again applied for postconviction relief. On March 8 the court ordered the State to respond within ninety days by answer or motion.

The State, on April 7, filed a motion to dismiss on the ground that the application failed to state a claim for postconviction relief. On April 17 Hines filed a written resistance to the State's motion. The court set the motion to dismiss for hearing and, on August 4, after several continuances, the parties were heard in oral argument on the motion.

The court sustained the State's motion on August 9, 1978, and thereby dismissed plaintiff's application for postconviction relief. Relative to this second application by Hines, the court did not inform him of its intention to dismiss the application nor was Hines afforded any further opportunity to reply.

Hines appeals the dismissal of his latest application for postconviction relief on the grounds that he was improperly denied notice of the court's intention to dismiss his application and denied an opportunity to reply to the proposed dismissal, as required by paragraph two of section 663A.6, The Code 1977. Hines does not contest the merits of the court's dismissal in this appeal. We, therefore, only consider the procedural issue raised for our review.

We are faced with a statutory postconviction review proceeding under the Uniform Postconviction Procedure Act, chapter 663A. Such an action is at law and our review is not de novo, but only on errors assigned. *State v. Mulqueen,* 188 N.W.2d 360, 362 (Iowa 1971); Iowa R.App.P. 4; *see* § 663A.7.

Hines relies on the following language from paragraph two of section 663A.6:

> *When a court is satisfied,* on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and *no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended applica-

tion or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists.

(Emphasis added.)

As we have stated before, section 663A.6 provides not one but two methods for summary disposition of postconviction relief applications. *Hauser v. State*, 244 N.W.2d 807, 809 (Iowa 1976); *Dodd v. State*, 232 N.W.2d 472, 473–74 (Iowa 1975); *Chartier v. State*, 223 N.W.2d 255, 257 (Iowa 1974); *State v. Mulqueen*, 188 N.W.2d 360, 366 (Iowa 1971). The first method is stated above in paragraph two of section 663A.6. The second method is set forth in paragraph three of section 663A.6, which provides as follows:

> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

(Emphasis added.)

The first method allows for summary disposition on the court's initiative and the applicant is foundationally entitled to notice of the court's intention to dismiss the application and its reasons for dismissal. In addition, the applicant shall be given an opportunity to respond thereto, prior to final disposition. *State v. Mulqueen*, 188 N.W.2d at 366.

The second method, set forth in paragraph three of section 663A.6, allows for summary disposition on the motion of either party. *Id.*

■ The common thread which runs through paragraphs two and three of section 663A.6 is that of protecting the applicant from having his application dismissed by the court without an opportunity to resist in some manner, either at hearing before the court or through an opportunity to reply to a court-proposed dismissal.

In the present case the State filed a motion to dismiss Hines' application for postconviction relief. Paragraph three of section 663A.6 provides that the court may grant a "motion for summary disposition of the application" when filed by either party, if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Because the State moved to dismiss the application, a hearing was held on the motion, and the court granted the dismissal, we are faced with the procedure contemplated in paragraph three of section 663A.6, in that the State had moved for a "summary disposition" of the application as contemplated within the meaning of that paragraph. *Chartier v. State*, 223 N.W.2d at 257.

■ The goal of paragraph three of section 663A.6 is to provide a method of disposition once the case has been fully developed by both sides, but before an actual trial. *State v. Mulqueen*, 188 N.W.2d at 368. In this light and in view of section 663A.7, which makes our rules and statutes applicable in civil actions available to postconviction review proceedings, we have said that the requirements of Iowa R.Civ.P. 237 appear to be "applicable to motions by either party for summary disposition of an application for postconviction relief." *Id.*

■ We note that *Chartier v. State*, 223 N.W.2d 255 (Iowa 1974) provides us with the proper guidance in the present appeal. In that case an application for postconviction relief was filed in the district court. The State responded by filing a "motion to dismiss." The petitioner filed a three-page resistance to the State's motion to dismiss his application. Without prior notice or hearing, the district court sustained the State's motion to dismiss. In *Chartier* we said that we were not confronted with the method of summary disposition set forth in paragraph two of section 663A.6, but that the State's motion to dismiss called for consideration of the method set forth in paragraph three of section 663A.6. *Id.* at 257. We therein found *Mulqueen* applicable and held that in such a case it is error to not set the State's motion to dismiss for hearing,

because the requirements of Iowa R.Civ.P. 237 for a hearing on a motion for summary judgment apply to a motion for summary disposition in cases falling under paragraph three of section 663A.6. *Id.* at 257.

The district court in the present case complied with the dictates of both *Mulqueen* and *Chartier*, in that the motion to dismiss filed by the State was resisted in writing by Hines, set for hearing, and both parties were given an opportunity to orally argue the motion and resistance. All of the protections available to an applicant under paragraph three of section 663A.6 were afforded to Hines. *See generally Balla v. State*, 98 Idaho 344, 563 P.2d 402 (1977); *Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970). No request was made by Hines for answers to interrogatories or leave to take depositions, nor were any affidavits submitted for consideration.

Hines asks us to require the court, after a full hearing upon a motion to dismiss, to advise him of its intention to dismiss the application and the reasons for dismissal and to provide him an opportunity to reply to the proposed dismissal. Such a reading of section 663A.6 is misplaced. To require such a procedure would unduly extend the procedural protection already afforded Hines by the hearing on the motion to dismiss. He had and exercised his opportunity in court to argue the validity of his application as it related to the State's motion to dismiss.

Before us, Hines does not claim surprise in relation to the grounds set forth for dismissal in the court's order. The grounds relied upon by the court were fully argued at hearing and set forth in the motion and the resistance thereto. Hines' application was not dismissed for any reason that was not fully presented in the State's motion.

Hines also asks us to read *Hauser v. State*, 244 N.W.2d 807 (Iowa 1976), as requiring that the procedures set forth in paragraph two of section 663A.6 be applied to the present case. In *Hauser*, each of twelve petitioners filed almost identical applications for postconviction relief. The State responded by filing a motion to dismiss each of the applications. The district court, without hearing or notice to petitioners of its intention to dismiss their applications, proceeded under Iowa R.Civ.P. 117, treated the motions as submitted, and sustained each of the State's motions. We held that the trial court was proceeding under paragraph two of section 663A.6, in that with benefit of the petitioner's applications, motions by the State, and the record, the court dismissed the applications. We could also have said further that the court failed to comply with paragraph three of section 663A.6, in that the motions filed by the State requesting summary disposition were not set for hearing. *Chartier v. State*, 223 N.W.2d at 257. It is clear from a reading of section 663A.6, that the district court in *Hauser*, when faced with the State's motions, had two options available to it. It could have proceeded on its own initiative under paragraph two of section 663A.6, providing the applicants with its intention to dismiss the applications and its reasons therefor and then giving the applicants an opportunity to reply to the proposed dismissal. The other option would have been to proceed under paragraph three of section 663A.6 and, in complying therewith, set the State's motions to dismiss for hearing.

The court in the present case properly elected to proceed under paragraph three of section 663A.6 and set the State's motion to dismiss for hearing.

We hold that the court had authority to dismiss Hines' application upon motion of the State after Hines had the opportunity to resist the motion at hearing. Hines was not additionally entitled under paragraph two of section 663A.6 to notice of intention to dismiss and opportunity for further reply to a proposed dismissal.

AFFIRMED.