# IN THE COURT OF APPEALS OF IOWA

No. 14-0101
Filed January 27, 2016

**DONALD DOCKERY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gregory W.

Steensland, Judge.

Donald Dockery appeals the dismissal of his second application for

postconviction relief. **REVERSED AND REMANDED.**

Francis E. Younes of High & Younes, L.L.C., Omaha, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Donald Dockery appeals the dismissal of his second application for postconviction relief (PCR). He contends the court failed to comply with the requirements for summary dismissal set forth in Iowa Code section 822.6 (2013). We review his claim for correction of errors at law. *See State v. Mulqueen*, 188 N.W.2d 360, 362 (Iowa 1971).

Dockery initiated his first PCR action in 2009. After the action was dismissed in September 2013, Dockery appealed, alleging his PCR counsel was ineffective. Dockery filed a second PCR application while the first PCR action was pending on appeal, again asserting ineffective assistance of PCR counsel. Dockery also alleged he "has newly discovered evidence," though he fails to disclose what new evidence was discovered or how it would change the outcome of the proceedings. On its own motion, the PCR court denied the second PCR application, characterizing it as "another request by Petitioner to appeal cases FECR045063 and PCCV102115, which have already been sent to the Iowa Supreme Court" and finding "[n]o new cause of action is stated or new relief requested."

Iowa Code section 822.6 states that before dismissing a PCR application on its own motion, the court must inform the parties of its intention to dismiss the application, provide its reasons for dismissal, and grant the applicant an opportunity to reply to the proposed dismissal. The "common thread" running through this section "is that of protecting the applicant from having his application dismissed by the court without an opportunity to resist in some manner, either at hearing before the court or through an opportunity to reply to a court-proposed

dismissal." *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980). The court failed to conform to the requirements of section 822.6, and Dockery was not afforded the right to resist dismissal in any manner. Accordingly, we must reverse and remand to afford Dockery notice of any intention to dismiss his application and an opportunity to respond.[1]  *See Brewer v. State*, 446 N.W.2d 803, 805-06 (Iowa 1989) (reversing dismissal of PCR application where applicant was not given an opportunity to respond to PCR court's reason for dismissal); *Dodd*, 232 N.W.2d at 474 (holding the court's failure to give PCR applicant notice of its intention to dismiss his PCR application required remand for further proceedings).

**REVERSED AND REMANDED.**

---

[1] The PCR court is not required to hear the merits of Dockery's claims on remand. *Dodd v. State*, 232 N.W.2d 472, 474 (Iowa 1975)