R. Kenneth BASS, Jr., Administrator c. t. a.
of the Estate of R. Kenneth Bass,
Deceased, Appellant,

v.

**IOWA PUBLIC SERVICE COMPANY,**
a Corporation, Appellee.

No. 54302.

Supreme Court of Iowa.

March 11, 1971.

Paul J. Yaneff, Sioux City, and Bernard A. Reinert, St. Louis, Mo., for appellant.

George F. Davis, Sioux City, for appellee.

BECKER, Justice.

Plaintiff-administrator alleges defendant-corporation exercised illegal dominion and control over a certain stock certificate and wrongfully converted the stock to its own use all to plaintiff's damage in the sum of $5000. Defendant's motion for summary judgment against plaintiff was sustained. Plaintiff appeals. We reverse and remand.

I. Plaintiff raises certain procedural problems which are dispositive of this appeal. The motion for summary judgment supported by affidavit was filed February 3, 1970. Ten days later, on February 13 the trial court treated the motion as automatically set for hearing and submitted under Rules of Civil Procedure, Numbers 114, 117(a), 237(c), 238 and Local Rule 2,[1] sus-

1. Only the pertinent portions of the rules are reproduced.

Rule 237(c), R.C.P.: "The motion (for summary judgment) shall be filed *at least 10 days* before the time fixed for the hearing. * * *" (Emphasis supplied.)

Rule 238: "Procedure. Motions and affidavits relating to any claim under rule 237 * * * and hearing shall be had thereon as provided in rule 117."

Rule 117(a): "Motion days—Disposition of Motions. (a) The chief judge of each judicial district shall provide by order for at least one motion day to be held each month in each county, when all motions made prior to trial on issues of fact *on file five days or more* shall be

deemed submitted *unless by other rule,* statute or order of court entered for good cause shown another time *for submission is fixed.* Such motions not orally argued for any reason shall be deemed submitted without argument. * * *" (Emphasis supplied.)

Rule 114: "Notice of Motion Unnecessary. A party who has been served with original notice or has appeared, shall take notice of all motions filed in the action which are adverse to him, and of the regular motion day on which they will be heard."

Rule 2 of the Rules of Practice of the Fourth Judicial District: "Each secular Friday of each week has been designated as motion day in the District.

tained the motion and entered summary judgment against plaintiff. No opposing affidavits were on file at the time the court ruled.

Plaintiff contends the ruling on motion for summary judgment and the judgment entry were improper because the motion was not specifically set for hearing. He contends this prevented filing affidavits as allowed by rule 237(c) and a request for depositions as allowed by rule 237(e). Under the rules as they now read, we must agree.

The Iowa Rules of Civil Procedure are designed to operate together. Recent amendment to rule 114 has created a conflict between rules 237, 238 and 117. We conclude this conflict operates to prevent automatic setting and submission of motions for summary judgment as contemplated by rules 238 and 117.

From the time of adoption of our Rules of Civil Procedure in 1943, rule 238 has always provided motions under rule 237 would be submitted in the manner provided in rule 117.

Originally rule 117 required motions to be on file 20 days or more before automatic submission. This time was reduced to a ten-day period by amendment in 1961. Effective January 1, 1968 the ten-day requirement was shortened to five days. Laws of the 59th General Assembly, chapter 351; Laws of the 62nd G.A., chapter 475; Laws of the 63rd G.A., 1st Session, chapter 335. But the requirement in rule 237(c), "The motion shall be filed at least 10 days before the time fixed for the hearing.", was left unchanged. Counsel could reasonably conclude the conflict would prevent automatic setting under rule 117. He would be justified in expecting a separate setting. This would affect his opportunity to prepare and file counter-affidavits or whatever other defense action he desired to take.

We cannot accept plaintiff's position that rule 117 continues to operate despite the time differential. It argues that motions which require more than five days between filing and hearing are automatically set on the next motion day which satisfies the longer time requirement. The rules do not so provide. Such a holding would require a strained interpretation which counsel and their clients should not be required to anticipate.

The customary local practice before January 6, 1968 in any given district is of no persuasive value. Automatic submission of motions for summary judgment was contemplated and without conflict up to the time of the most recent amendment. The conflict did not appear until that date.

We now hold that motions for summary judgment are not automatically set for hearing by operation of rule 117 as amended. Such motions must be specifically set for a time not less than 10 days from date of filing. This case must be reversed and remanded with instructions to set the motion for hearing. Such action will afford plaintiff the opportunity to file counter-affidavits if he so desires.

II. We think it clear from this discussion that rule 2 of the Rules of Practice of the Fourth Judicial District is not at fault here. The conflict is in the Iowa Rules of Civil Procedure.

III. We also note the trial court did not have an opportunity to consider the matter because Missouri counsel filed notice of appeal before the court could rule on his motion to vacate judgment. The trial court promptly and properly decided it had lost jurisdiction and refused to rule on the pending motion. McCauley v. Municipal Court of D. M., 254 Iowa 1345, 121 N.W. 2d 96 (1963).

IV. For the reasons given above we do not reach the question of whether the rul-

* * *. At such times all motions made prior to trial then on file five days or more shall be deemed submitted at

10:00 A.M. on that day for ruling unless by statute or order * * * another time for submission is fixed. * * *"

ing on motion for summary judgment was substantively correct. We express no opinion in connection therewith.

Reversed and remanded.

All Justices concur, except RAWLINGS, J., who takes no part.