Ronald Harris BROWN, Appellant,

v.

STATE of Iowa, Appellee.

No. 97–1933.

Court of Appeals of Iowa.

Nov. 30, 1998.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by SACKETT, P.J., and HUITINK, STREIT, and VOGEL, JJ. MAHAN, J., takes no part.

STREIT, J.

Ronald Harris Brown appeals the district court's dismissal of his postconviction relief application. We affirm.

### I. Background Facts and Proceedings.

Brown was convicted of first-degree murder in the death of Alvin Davidson, a Waterloo attorney. His conviction was affirmed on appeal by the Iowa Supreme Court in *State v. Brown,* 397 N.W.2d 689 (Iowa 1986). In 1984, he was transferred to the penal facilities in the State of New Mexico to serve his sentence. He has remained there until the present time.

On February 20, 1997, he filed a pro se application for postconviction relief. In that application, he raised eight issues. James Beres was appointed to represent him for purposes of the postconviction proceedings.

On September 2, 1997, the State of Iowa filed and served a motion to dismiss, contending the application for postconviction relief was filed outside of the three-year statute

of limitations as proscribed by Iowa Code section 822.3 (1997). The State alleged in its motion Brown had not asserted any ground of fact or law which could not have been raised within the applicable time period.

On September 24, 1997, the trial court sustained the State's motion to dismiss. The trial court found Brown's allegations dealt with alleged ineffective assistance of counsel and this allegation does not qualify as a ground of fact or law that could not have been raised within the period of limitations. The trial court also noted the postconviction counsel did not file a responsive pleading to the State's motion and questioned whether the postconviction counsel could have made any good faith argument as to why this matter should not be dismissed. The record does not indicate nor does Brown argue he was not served with notice of the State's motion to dismiss.

On September 30, 1997, James Beres filed a motion to set aside the dismissal order. In his motion, he contends the trial court should have scheduled hearings on the motions to dismiss; however, that was not done in this case. He requests a hearing be set concerning the motion to dismiss. In support of that request, he alleges Brown's trial attorney advised Brown he would be filing an application for postconviction relief and Brown believed this had been done when, in fact, it had not been done. He also alleges Brown was incapacitated due to his use of heroin in the New Mexico prison facility and that this incapacitation should operate as an excuse from the statute of limitations.

On October 24, 1997, Brown filed a pro se motion to set aside the dismissal order and an amendment to his application for postconviction relief. In that motion, he alleges his court-appointed counsel advised him he could raise additional grounds to excuse him from the operation of the statute of limitations at a telephonic hearing that would be scheduled by the court and there was no need to file a reply to the State's motion to dismiss because the court would set the matter for hearing. He then alleges he did not have access to the Iowa Code nor the Northwestern Reporter because the library at the penitentiary in New Mexico does not contain them and this is a basis for excusing him from filing within the period of limitations. He cites in support of that proposition, *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir.1992).

On October 29, 1997, the trial court summarily overruled both motions to set aside the dismissal order.

## II. Standard of Review.

Dismissal of an application for postconviction relief is reviewed to correct errors of law. *Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996).

## III. Motion to Dismiss.

There have traditionally been two ways to dismiss an application for postconviction relief. The trial court must either set the motion to dismiss for hearing or give notice to the applicant that the court intends to dismiss the application and give the applicant an opportunity to respond. *See Watson v. State*, 294 N.W.2d 555, 556 (Iowa 1980); *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980).

The rules of civil procedure apply to actions for postconviction relief. Iowa Code § 822.7; *Chartier v. State*, 223 N.W.2d 255, 257 (Iowa 1974) (citing *State v. Mulqueen*, 188 N.W.2d 360 (Iowa 1971)). The underlying objective of the postconviction relief summary disposition rules is to protect the applicant from having his application dismissed by the court without an opportunity to respond in some manner. *Hines v. State*, 288 N.W.2d at 346. This developed in light of the civil procedure rules governing summary judgments in generic civil cases. Early cases recognizing these rules required the trial court to set a hearing on a motion for summary judgment, regardless of whether the nonmoving party first filed a response resisting the motion. *See State v. Mulqueen*, 188 N.W.2d 360, 368 (Iowa 1971) (holding motions for summary judgment must be specifically set for hearing at a time not less than ten days from date of filing); *Bass v. Iowa Public Service Company*, 184 N.W.2d 691, 692 (Iowa 1971) (holding while motions for summary judgment were not automatically set for hearing by operation of Rule 117

(now Rule 104), under Rule 237 such motions are to be set by the trial court for hearing). The *Watson–Hines* line of cases, which grew out of these early cases, and which requires a hearing be set before summary judgment can be ruled upon, evolved under summary judgment rules that have since been amended.[1]

■ Current summary judgment rules no longer require the court to set a hearing date before ruling on a motion for summary judgment. Rule 238 always provided motions under Rule 237 would be submitted for a hearing in the manner provided in Rule 117 (now Rule 104). *See Bass v. Iowa Public Service Company,* 184 N.W.2d at 692. However, Rule 238 has since been amended, removing all language necessitating a hearing.[2] At the time the present action was dismissed, summary judgment was no longer required to be submitted for hearing.[3] Consequently, the construction of the civil procedure rules requiring a hearing be set upon a motion for summary judgment is no longer valid.

Under the new rules, nothing prevents the trial court from reviewing the summary judgment motion and response thereto and ruling thereon without affording the parties a hearing. In addition, if there is no response to a motion to dismiss or the response is, on its face, plainly inadequate to resist a motion for summary judgment, nothing prevents the court from ruling as a matter of default judgment. Thus, the *Watson–Hines* line of cases requiring a hearing before ruling on a summary judgment motion in a postconviction relief action is no longer valid.

■ In the context of postconviction relief, such practice does not deprive the nonmov-ing party an opportunity to resist. Instead, it simply no longer requires the court to automatically set a hearing in order to satisfy the opportunity-to-respond requirement. Where proper service has been made and the nonmoving party is on notice of the motion to dismiss, and where the nonmoving party is given adequate time to respond, the nonmoving party is thereby afforded an opportunity to respond. This is consistent with the important concept of opportunity to resist envisioned under the *Watson–Hines* line of cases.

■ We determine where a motion to dismiss an application for postconviction relief has been filed, proper service has been made on the nonmoving party, and the nonmoving party has been afforded under Rule 237 an adequate time to respond and fails to do so, the court may summarily dismiss the application as a matter of default judgment. These criteria having been met, we determine the trial court did not err in dismissing, without a hearing, Brown's application for postconviction relief.

### IV. Conclusion.

The trial court did not error is dismissing Brown's application for postconviction relief. We conclude this matter should be affirmed.

**AFFIRMED.**

1. At the time *Bass* was decided, the relevant civil procedure rules read as follows:
   Rule 237(c): "The motion (for summary judgment) shall be filed at least ten days before the time fixed for the hearing."
   Rule 238: "Motions and affidavits relating to any claim under rule 237 shall be filed and copies delivered as provided in rule 82 and hearing shall be had thereon as provided in rule 117."

2. From 1992 through 1997, Rule 238 read in its entirety: "Motions and affidavits relating to any claim under R.C.P 237 shall be filed and copies delivered as provided in R.C.P. 82."

3. Since the since the trial court's dismissal, Rule 238 has been deemed unnecessary and has been removed entirely from the Iowa Rules of Civil Procedure as of January 24, 1998.
   Rule 238: "[Deemed unnecessary effective Jan. 24, 1998.]"

# SUPREME COURT OF MICHIGAN

## APPLICATIONS FOR LEAVE TO APPEAL