# IN THE COURT OF APPEALS OF IOWA

No. 14-1890
Filed March 23, 2016

**RICHARD HAROLD WEATHERLY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows,
Judge.

Richard Weatherly appeals the order dismissing his application for
postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney
General, for appellee State.

Considered by Danilson, C.J., Vogel, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Richard Weatherly appeals the order dismissing his application for postconviction relief (PCR). He contends the PCR court erred in dismissing his application as untimely. He also contends his PCR counsel's representation was so deficient as to cause structural error in the PCR proceedings. Although we generally review PCR proceedings for errors at law, our review is de novo where, as here, constitutional infirmities are alleged. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

On September 25, 2014, Weatherly filed a pro se pleading he entitled "petition for recall of order," asking that his conviction for stalking be vacated on the grounds his guilty plea to the charge was not knowing or voluntary. The PCR court treated the pleading as a PCR application and appointed counsel to represent Weatherly. Although the PCR court instructed counsel to recast the pro se pleading within ninety days, the State filed a motion to dismiss just weeks later, on October 13, 2014, alleging the action was time barred. The motion was not resisted, and the court granted the dismissal without oral argument on October 27, 2014.

Iowa Code section 822.3 (2013) requires PCR applications "be filed within three years . . . from the date the writ of procedendo is issued." Weatherly pled guilty and was convicted of stalking in 2000. His conviction was affirmed on October 18, 2001, when the supreme court dismissed Weatherly's appeal as frivolous. His pro se PCR application was filed nearly thirteen years after procedendo was issued, well outside the three-year period set forth in section 822.3.

An exception to the three-year limitation period exists for a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Weatherly argues his claim that his plea was not knowing or voluntary because he was never informed his conviction for stalking would be used to enhance his sentence if he were ever convicted of a federal crime falls within this exception because he did not learn of this consequence until 2005, when he received a federal prison sentence that lengthened his stalking conviction. We first note that although due process requires that the trial court inform a defendant of all the direct consequences of pleading guilty, the court is not required to inform a defendant of all indirect or collateral consequences of pleading guilty. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). Moreover, the fact that Weatherly did not learn of the possible sentencing enhancement until after the statutory period passed does not render this collateral consequence a ground of fact that could not be raised within the applicable time period. As Weatherly notes on appeal, the federal sentencing guidelines came into existence in November 1987, well before Weatherly entered his plea. A lack of knowledge is not provided as a ground for exception from the limitation period. *See Lopez-Penaloza v. State*, 804 N.W.2d 537, 542 (Iowa Ct. App. 2011).

Weatherly further argues his PCR counsel's representation was so deficient as to cause structural error. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). Structural error exists when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) . . . counsel does not place the prosecution's case against meaningful adversarial testing; or (3) . . . surrounding circumstances justify a presumption of ineffectiveness,

such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* If structural error is present, it renders the underlying proceeding "so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice." *Id.* Specifically, Weatherly alleges PCR counsel failed to recast his PCR application as directed by the PCR court, resist the State's motion for summary dismissal, object after the dismissal, move for enlarged findings or conclusions, or seek to amend the judgment.[1]

We are unable to find counsel's performance so objectively lacking as to cause a structural error in the PCR proceeding. Weatherly filed his pro se PCR application nearly one decade after the limitation period for PCR claims had expired. Although counsel was instructed to recast the pro se application within ninety days, the State moved for summary dismissal within weeks of PCR counsel's appointment and the court granted summary dismissal little more than thirty days after the pro se application was filed. The record shows PCR counsel filed a motion and proposed order to allow Weatherly's file to be checked out for

---

[1] Part of Weatherly's structural-error argument concerns the district court's granting the State's motion to dismiss without a reported hearing or notice to Weatherly or his counsel of the issues the court would consider at that proceeding. Weatherly complains the court failed to give him "an opportunity to reply to the proposed dismissal"; however, the portion of Iowa Code section 822.6 cited by Weatherly pertains to dismissals initiated on the court's initiative. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) (outlining the two methods available for disposition of PCR applications without trial on the merits). While an old line of cases based upon a prior version of the Iowa Rules of Civil Procedure required a hearing on motions for summary judgment, this is no longer required. *Brown v. State*, 589 N.W.2d 273, 275 (Iowa 1998). When a motion to dismiss a PCR application has been filed, proper service has been made on the nonmoving party, and the nonmoving party has been afforded an adequate time to respond and fails to do so, the court may summarily dismiss the application as a matter of default judgment. *Id.*

review and copying on September 29, 2014. While Weatherly views counsel's failure to recast the pleadings, resist the State's motion for summary dismissal, or seek additional time to respond as deficient performance, there is another option: counsel reviewed Weatherly's case and found no basis upon which to sustain a PCR action beyond the three-year limitation period found in section 822.3. This view is bolstered by the fact that Weatherly fails to identify a single ground of ineffective assistance of counsel that should have been raised by PCR counsel below despite having significantly more time for appellate counsel to review and investigate the record than PCR counsel was afforded.

We affirm the order dismissing Weatherly's PCR action.

**AFFIRMED.**