## IN THE COURT OF APPEALS OF IOWA

No. 16-0394
Filed December 21, 2016

**MONTRELL ANDERSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister,

Judge.


    Montrell Anderson appeals the dismissal of his application for

postconviction relief.  **AFFIRMED.**



    Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for

appellant.

    Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee State.



    Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Montrell Anderson appeals the dismissal of his application for postconviction relief (PCR). Anderson contends the PCR court erred in dismissing his application without notice or allowing him sufficient time to respond pursuant to Iowa Code section 822.6 (2015). Because section 822.6 does not apply to this action, we conclude the PCR court did not err in dismissing Anderson's PCR application as time-barred under Iowa Code section 822.3.

Anderson was sentenced on May 30, 2007, after being convicted by jury trial for third-degree sexual abuse, in violation of Iowa Code section 709.4. Anderson's conviction was affirmed on appeal in 2008. This PCR application—Anderson's second PCR application—was filed May 28, 2015. On January 11, 2016, the PCR court entered an order setting trial on Anderson's PCR application. The State filed a motion to dismiss the PCR application on January 19, 2016, asserting the application was time-barred under Iowa Code section 822.3. Anderson did not file a resistance to the motion to dismiss. On February 1, 2016, without setting a hearing on the motion, the PCR court entered an order dismissing the PCR application "[u]pon oral application of the County Attorney or pursuant to plea negotiations, and in the interest of justice."

On February 2, 2016, Anderson filed a motion to enlarge and amend findings, arguing the PCR court's dismissal did not comply with Iowa Code section 822.6 because the court did not give prior indication of its intention to dismiss the application and did not allow Anderson an opportunity to reply. In an order entered February 16, 2016, the PCR court explained Iowa Code section 822.6 did not apply to the dismissal because

the court made no determination that [Anderson] would not have been entitled to relief on the merits, if his claims were not time barred, or that no purpose would be served by further proceedings. The application was not dismissed on the merits but because [Anderson] did not deny his claims were time barred by filing a resistance to [the State]'s motion to dismiss. Had he done so, the motion and resistance would have been promptly set for hearing. Sec[tion] 822.6 does not purport to create an exception to the Rules of Civil Procedure relieving a petition[er] from resisting motions duly filed and served but, rather, precludes the court from spontaneously dismissing an application on the merits without prior notice to the applicant and an opportunity to respond.[1]

Upon our review for correction of errors at law, *Manning v. State*, 654 N.W.2d 555, 558-59 (Iowa 2002), we conclude the PCR court's holding comports with the law and affirm the order dismissing Anderson's PCR application.

Iowa Code section 822.6 provides two methods for summary disposition of a PCR application on the merits without a trial. *Manning*, 654 N.W.2d at 559. Paragraph two of section 822.6 allows a PCR court, on its own initiative, to dismiss a PCR application where it is satisfied "the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings." Iowa Code § 822.6. A paragraph-two dismissal requires the court to "indicate to the parties its intention to dismiss the application" and provide the applicant "an opportunity to reply to the proposed dismissal."[2] *Id.*

---

[1] The court further explained the language of the motion to dismiss—dismissing the PCR application "[u]pon oral application of the County Attorney or pursuant to plea negotiations, and in the interest of justice"—was incorrectly included because the order was a modified EDMS "template intended for dismissing criminal cases on account of plea negotiations or otherwise and [the order's] references to oral applications by the county attorney or to plea negotiations do not apply." The court explained the order should have "simply stated that respondent's motion to dismiss petitioner's application as time barred . . . was granted because there was no resistance."

[2] "The second method, found in paragraph three of section 822.6, allows for such disposition *on the motion of either party.* The goal here 'is to provide a method of disposition *once the case has been fully developed by both sides,* but before an actual trial.'" *Manning*, 654 N.W.2d at 559 (citation omitted).

However, section 822.3 provides for dismissal of a PCR application if it is not "filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" unless "a ground of fact or law that could not have been raised within the applicable time period" is being asserted. *See id.* § 822.3.

Anderson contends the PCR court erred in dismissing his PCR application without providing Anderson notification of its intention to do so or allowing Anderson time to reply. However, as the PCR court indicated, the requirements of section 822.6 do not apply to dismissals pursuant to section 822.3. *See Ramirez v. State*, No. 13-1847, 2015 WL 4936386, at \*2 (Iowa Ct. App. Aug. 19, 2015) ("It is apparent that the PCR court's ruling was not one of summary disposition. In its ruling the court found the application was time barred under section 822.3 'and is therefore dismissed.' The court did not consider the merits of [the applicant]'s claims as is required for summary disposition, and therefore, [the applicant]'s reliance on *Manning* is misplaced.").

We addressed a similar argument in *Weatherly v. State*, No. 14-1890, 2016 WL 1130043 (Iowa Ct. App. Mar. 23, 2016). In *Weatherly*, the applicant alleged the PCR court erred in dismissing the PCR application as untimely without a reported hearing or notice to the applicant of the issues the court would consider. 2016 WL 1130043, at \*2 n.1. This court held the PCR court did not err in dismissing a PCR application as time-barred fourteen days after the motion to dismiss was filed, although the motion was not resisted and a hearing was not held. *Id.* at \*2. The *Weatherly* court explained:

[The applicant] complains the court failed to give him "an opportunity to reply to the proposed dismissal"; however, the portion of Iowa Code section 822.6 cited by [the applicant] pertains to dismissal initiated on the court's initiative. . . . When a motion to dismiss a PCR application has been filed, proper service has been made on the nonmoving party, and the nonmoving party has been afforded an adequate time to respond and fails to do so, the court may summarily dismiss the application as a matter of default judgment.

*Id.* at *2, n.1 (citing *Brown v. State*, 589 N.W.2d 273, 275 (Iowa 1998)).

Here, the State filed a motion to dismiss the PCR application, Anderson does not contest whether proper service of the motion was made, and Anderson did not reply to the motion to dismiss despite having adequate time to do so.

Further, Anderson's PCR application was filed approximately seven years after procedendo was issued and is unquestionably time-barred under section 822.3. Anderson's application alludes to "a ground of fact or law that could not have been raised within the applicable time period." However, his application, his motion to amend and enlarge, and his brief on appeal fail to give any indication what this evidence is or why it could not be raised earlier. On this record we cannot conclude the court erred.

We conclude the requirements of section 822.6 do not apply to the PCR court's dismissal of Anderson's PCR application as untimely. We further conclude the PCR court did not err in dismissing the PCR application as it was filed well outside the requisite three-year period. The order dismissing the PCR application is affirmed.

**AFFIRMED.**