**IN THE COURT OF APPEALS OF IOWA**

No. 18-0321
Filed December 19, 2018

**ZEJNUDIN ABDIC,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Zejnudin Abdic appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

Zejnudin Abdic appeals the summary dismissal of his application for postconviction relief (PCR), in which he sought relief from his conviction for conspiracy to commit a forcible felony. We review the dismissal of a PCR application for errors at law. *See Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). When the basis for relief implicates a constitutional right, our review is de novo. *See id.*

The record before us is razor thin as we have no record of the proceedings leading up to Abdic's conviction. On July 16, 2014, Abdic was adjudged guilty of two counts of conspiracy to commit a forcible felony and sentenced to two ten-year terms of incarceration to run concurrent to each other.[1] Abdic filed a pro se PCR application on February 6, 2018. In the pre-printed form's section setting forth the grounds upon which the application is based, Abdic checked: "The conviction or sentence is otherwise subject to collateral attack upon ground(s) of alleged error formerly unavailable under any common law, statutory, or other writ, motion, proceeding, or remedy." The application further explains: "Ineffective counsel. Lawyer did not explain my plea at all and scared me into taking a plea. I was a juvenile and didn't understand my rights. They had no evidence whatsoever to

---

[1] On the same day, Abdic was also convicted and sentenced in an additional four cases: robbery in the second degree, sentenced to ten years; burglary in the third degree (two counts), sentenced to five years on each count to be served concurrently; and burglary in the third degree, sentenced to five years. All the sentences were to be served concurrent to each other, including the sentence for conspiracy to commit a forcible felony. Also the same day, Abdic was convicted of burglary in the third degree and sentenced to five years with the sentence consecutive to any other sentence. Later, on April 21, 2015, by a modified order reconsidering sentence, all of Abdic's prison sentences were suspended, and he was placed on probation for two to five years. He was also ordered to be placed in a residential facility for up to one year or maximum benefits. The convictions in the additional four cases are not the subject of Abdic's PCR application or this appeal.

convict me." Abdic also requested appointment of counsel. The State's motion to dismiss, filed two days later, on February 8th, alleged the application was untimely under Iowa Code section 822.3 (2018) because Abdic filed it more than three years after July 15, 2014, the date his conviction was final. The court appointed counsel to represent Abdic in the PCR action on February 12th. The following day, February 13th, Abdic's PCR attorney resisted the State's motion without elaborating any basis for the resistance. Also on the same day, Abdic's PCR counsel moved to obtain the plea and sentencing transcript in the underlying criminal case and filed an application to exceed fee guidelines, alleging that exceeding the guidelines was necessary to allow for investigation of Abdic's claims. At 8:05 a.m. on February 15th, the court granted the State's motion to dismiss based on the expiration of the limitation period in Iowa Code section 822.3 (2018).[2] No hearing was held on the motion to dismiss, but no hearing was required. *See Brown v. State*, 589 N.W.2d 273, 275 (Iowa Ct. App. 1998). About eight hours later, at 4:13 p.m. on February 15th, the same court entered an order granting Abdic's motion for documents. The court also granted his application to exceed fee guidelines. Abdic filed a timely appeal, and he was appointed another lawyer as appellate PCR counsel.

On appeal, Abdic contends the district court erred in determining his application was time barred because it falls within the statutory exception for "a ground of fact or law that could not have been raised within the applicable time

---

[2] The court alternatively found that Abdic's application was filed in the wrong county. Based on our resolution of the time-bar issue, we need not address the merits of dismissing the application on this ground.

period." Iowa Code § 822.3. Specifically, Abdic claims the Iowa Supreme Court's decision in *State v. Seats*, 865 N.W.2d 545 (Iowa 2015), filed June 26, 2015, constitutes a new ground of law allowing "Abdic's PCR petition to circumvent the three-year statute of limitations in Iowa Code section 822.3." *See State v. Nguyen*, 829 N.W.2d 183, 188 (Iowa 2013) (holding that decision overruling prior law filed after expiration of the three-year limitation period in section 822.3 expires provides an exception to the limitation period).

Assuming the *Seats* decision qualifies as a new ground of law that applies to Abdic's case, it does not qualify as an exception to the time bar. Section 822.3 provides an exception only to grounds of law that a PCR applicant could not have raised during the three-year limitation period. *Seats* was filed in 2015—during the three-year limitation period. Abdic still had over two years in which to raise a *Seats* issue before the limitations period expired.[3] In *Nguyen v. State*, our supreme court implied an applicant bringing a claim based on a ground-of-law exception must bring the application within three years after the change is announced. *Id.* at 186 ("Nguyen applied again for postconviction relief on April 2, 2009, more than three years after procedendo had issued on his original direct appeal, but less than three years after [*State v.* ]*Heemstra*[, 721 N.W.2d 549 (2006)]."). *Nguyen* applies only to those instances where a ground of law could not have been raised within the three-year limitations period, i.e., instances where the law changes after the

---

[3] Abdic also cites *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017), filed June 16, 2017, as clarifying aspects of the *Seats* decision. Even if *Roby* were to qualify as a new ground of law, it was also filed within three years of Abdic's conviction and therefore cannot provide an exception to the limitation period.

expiration of the section 822.3 limitations period.  If the *Nguyen* holding is to be expanded, it is best left to our supreme court or the legislature.

We affirm the summary dismissal of Abdic's application for PCR.

**AFFIRMED.**