# IN THE COURT OF APPEALS OF IOWA

No. 18-0844
Filed January 9, 2019

**MICHAEL ALON DAVIS,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

　　Michael Davis appeals the dismissal of his fourth postconviction-relief application. **AFFIRMED.**

　　Sharon D. Hallstoos of Hallstoos Law Office, LLC, Dubuque, for appellant.

　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

　　Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Michael Davis appeals the dismissal of his fourth postconviction-relief application following his 1997 conviction for first-degree kidnaping, second-degree sexual abuse, and aggravated assault. *See Davis v. State*, No. 14-2103, 2016 WL 6652303, at *1 (Iowa Ct. App. Nov. 9, 2016); *Davis v. State*, No. 01-0759, 2002 WL 1332259, at *1 (Iowa Ct. App. June 19, 2002); *State v. Davis*, 584 N.W.2d 913, 915 (Iowa Ct. App. 1998). Davis essentially concedes the postconviction-relief application was filed outside the three-year time bar set forth in Iowa Code section 822.3 (2017).[1] He challenges the district court's ruling on the ground that the court's fact findings "referred largely to the State's motion to dismiss, which referenced alleged prior proceedings and court documents that were neither judicially noticed nor admitted as exhibits into the record." He also argues certain claims fell within an exception to the time bar.

## I.    District Court's Reference to Prior Proceedings

Iowa Code section 822.6 states:

> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

---

[1] Iowa Code section 822.3 states:
[A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Summary disposition under this statute is akin to summary judgment. *See Manning v. State*, 654 N.W.2d 555, 559–60 (Iowa 2002). "Therefore, the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for postconviction relief without a trial on the merits." *Id.* at 560.

The State filed a motion to dismiss the fourth postconviction-relief application. The dismissal motion listed prior proceedings, pointed out that the single issue raised in Davis' fourth application had been litigated, and sought dismissal on statute-of-limitations grounds and on the ground there were "no issues to litigate." The court scheduled the motion for hearing seven weeks after its filing. Davis did not file a resistance. Instead, he moved to amend his petition to raise several additional claims.

The district court held an unreported non-evidentiary hearing. In its subsequent ruling, the court made clear that the State's dismissal motion was being treated as a motion for summary disposition under Iowa Code section 822.6. *See Porter v. State*, No. 14-1925, 2015 WL 6508957, at *1 n.1 (Iowa Ct. App. Oct. 28, 2015) ("Technically speaking, it would be more accurate to say that [the applicant] is appealing the district court's summary *disposition* of her application for postconviction relief, even though the motion the district court granted was the State's motion to dismiss."). After summarizing the prior proceedings, the court dismissed Davis' original and amended claims on statute-of-limitations grounds or on the ground the claims were previously litigated and decided.

We discern no error in the court's handling of the State's motion. The district court applied the summary disposition statute as written. In summarizing prior

proceedings, the court did not invoke judicial notice principles but simply cited the undisputed prior proceedings disclosed in the record. Notably, Davis referenced many of those proceedings in his postconviction-relief application. He mentioned the crimes underlying his conviction, the date of the guilty verdict, this court's affirmance of his conviction, and the 2002 dismissal of his second postconviction-relief application.[2] *See In re Hinkle's* Estate, 38 N.W.2d 648, 649 (Iowa 1949) ("The executrix herself . . . pleaded the filing of the 'opinion' and expressly referred to her application."). In the absence of a resistance, the prior proceedings stood as admitted. *See Lang v. State*, No. 14-1997, 2015 WL 9450779, at *1 (Iowa Ct. App. Dec. 23, 2015) ("To the extent that the State's motion consisted of a statement of undisputed facts, the asserted facts were not resisted by [the applicant]."); *accord Harris v. State*, No. 16-0637, 2017 WL 1278296, at *1 (Iowa Ct. App. Apr. 5, 2017) (noting applicant's "resistance to the State's motion for summary disposition failed to refute the State's affirmative assertion"). We conclude the district court did not err referring to those proceedings.

## II. Ground-of-Fact Exception to Time Bar

Davis asserts his claims fell within an exception to the section 822.3 time-bar for "a ground of fact or law that could not have been raised within the applicable time period." In his view, he was "entitled to conduct the necessary preparation to present . . . issues to the Court based on the merits," "the Court neither permitted the necessary preparation . . . nor did it properly make specific findings of facts,"

---

[2] The record discloses the dismissal of Davis' first postconviction-relief application was affirmed on June 19, 2002, and the district court dismissed his second postconviction-relief application on September 27, 2002.

and the court did not "make conclusions of law as to each claim as required under the statute."

Under our summary judgment rules on which summary disposition procedure is predicated, "[w]here proper service has been made and the nonmoving party is on notice of the motion to dismiss, and where the nonmoving party is given adequate time to respond, the nonmoving party is thereby afforded an opportunity to respond." *Brown v. State*, 589 N.W.2d 273, 275 (Iowa Ct. App. 1998). "If there is no response to a motion to dismiss or the response is, on its face, plainly inadequate to resist a motion for summary judgment, nothing prevents the court from ruling as a matter of default judgment." *Id.*

This is precisely what the court did. The court considered each claim Davis raised and concluded the claims were facially time-barred, did not fall within the exception to the time-bar, or were previously decided. For one or more of those reasons, the court did not reach the merits of Davis' claims. We conclude the court utilized the proper pretrial procedure for resolving the claims, and we discern no error in the district court's reasons for declining to address the merits.

In reaching this conclusion, we have considered the court's holding in *Manning*, that "an evidentiary hearing on the merits is ordinarily required where claims of ineffective assistance of counsel are properly raised in a postconviction relief application." 654 N.W.2d at 562. Because Davis' claims were not properly raised, we affirm the district court's dismissal of Davis' fourth postconviction-relief application.

**AFFIRMED.**