# IN THE COURT OF APPEALS OF IOWA

No. 22-1693
Filed August 30, 2023

**KENNETH SHEFFEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Meghan Corbin, Judge.

The applicant appeals the dismissal of his third postconviction-relief application as time-barred. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

Several decades after procedendo issued on his conviction, Kenneth Sheffey challenges the dismissal of his third application for postconviction relief (PCR). In this appeal, Sheffey argues that the PCR court improperly dismissed his PCR application without allowing him notice of and the opportunity to respond to the proposed dismissal as required under Iowa Code section 822.6(2) (2022). We find, however, that although the PCR court dismissed the application without notice of its intent to do so, Sheffey received notice of the State's motion to dismiss and had an opportunity and adequate time to respond to that motion, which satisfies the requirements of section 822.6(3) for summary disposition. So, we affirm the decision of the PCR court.

**I. Background Facts and Proceedings.**

A jury convicted Sheffey of first-degree murder, assault with intent to commit murder, and breaking and entering in March 1975. After Sheffey appealed, the Iowa Supreme Court affirmed the convictions in February 1977. *See State v. Sheffey*, 250 N.W.2d 51, 56 (Iowa 1977) (detailing the specific facts of the criminal act).

In August 1978, Sheffey filed his first PCR application. The district court denied that application in January 1981, finding that Sheffey failed to establish, by a preponderance of the evidence, any ground for PCR. In February 2018, Sheffey filed a second PCR application. After providing Sheffey an opportunity to reply to the proposed dismissal, the PCR court dismissed the application in March 2018, finding that Sheffey's claims were time-barred under Iowa Code sections 822.3

and 822.8. Sheffey appealed, and our supreme court dismissed the case for failure to comply with appellate rules in January 2019.

Then, in April 2022, Sheffey filed the current PCR application—his third. On May 27, the State filed an answer and moved to dismiss the application, raising the time bar of section 822.3. Sheffey did not resist the State's motion and no trial on the application was held. Instead, without a hearing or otherwise providing notice of its intent to do so, in September, the district court denied and dismissed Sheffey's third application as time-barred. Sheffey now appeals.

## II. Standard of Review.

We review a district court's dismissal or summary disposition of a PCR application for correction of errors of law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020) (dismissal); *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019) (summary disposition); *see also Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) ("Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." (citation omitted)). We apply summary judgment standards to determine whether the State was entitled to summary disposition as a matter of law.[1] *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). The State, as

---

[1] While the State's request for early determination was styled as a motion to dismiss and the district court followed that lead in granting the motion, we look to substance in deciding how a motion should be treated. *See Twigg v. State*, No. 19-1927, 2021 WL 210959, at *2 (Iowa Ct. App. Jan. 21, 2021). The substance of the motion was early determination based on the statute of limitations, which can properly be treated as either a motion to dismiss or for summary disposition. *See Fountain v. State*, No. 21-1391, 2022 WL 16630798, at *5 n.3 (Iowa Ct. App. Nov. 2, 2022) ("While the statute of limitations is often raised in a motion for summary disposition, chapter 822 provides two separate avenues for early determination, one by dismissal based on the statute of limitations in section 822.3, and one by summary disposition on the merits without a trial when one party is

the moving party, bears the burden of showing the absence of a genuine issue of material facts. *Id.* We view the record in the light most favorable to Sheffey, as the nonmoving party, and draw all legitimate inferences from the record in his favor. *Id.* Furthermore, "we will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

**III. Discussion.**

Iowa Code section 822.6 governs relief for PCR applicants and provides two methods for early determination of a PCR application without a trial on the merits. But overall, "the common thread . . . is that of protecting the applicant from having his application dismissed by the court without an opportunity to resist in some manner, either at hearing before the court or through an opportunity to reply to a court-proposed dismissal." *Hines v. State,* 288 N.W.2d 344, 346 (Iowa 1980); *see id.* (discussing the methods of granting summary disposition under similar language in then chapter 663A, which later was transferred to chapter 822). Regarding the first method, section 822.6(2) states,

> [w]hen a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, the court may indicate to the parties its intention to dismiss the application and the reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed . . . .

entitled to judgment as a matter of law in section 822.6."). We opt to treat this as a summary-disposition case.

In addition to providing the procedure for dismissals of PCR applications upon a PCR court's own initiative, section 822.6(2) "entitles the applicant to notice of the court's intention to dismiss the application and its reasons for dismissal." *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) (citation omitted).

If the PCR court initiates dismissal on its own initiative, failure to provide the parties with this notice can be grounds for reversal and a remand to the PCR court. *See, e.g.*, *Magana v. State*, No. 20-1653, 2022 WL 10861589, at *6 (Iowa Ct. App. Oct. 19, 2022) (reversing and remanding to the PCR court for its failure to provide notice and to provide the applicant with an opportunity to develop the record); *see also Hernandez v. State*, No. 02-1916, 2004 WL 573731, at *2 (Iowa Ct. App. Mar. 24, 2004) (reversing and remanding when the state filed a motion to dismiss rather than a motion for summary judgment and the file contained nothing "resembling summary judgment filings"). It is undisputed that the PCR court failed to provide notice to Sheffey of its intent to dismiss and its rationale so that he could respond or more fully develop the record. Thus, unless the second method for dismissal applies, we must remand for further proceedings.

Turning to the second method for dismissal of a PCR application without a trial on the merits, section 822.6(3) states,

> [t]he court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

This second method for dismissal resembles summary judgment, and "the principles underlying summary judgment procedure apply to motions of either party

for disposition of an application for postconviction relief without a trial on the merits." *Manning*, 654 N.W.2d at 559–60. Unlike when the court dismisses a PCR application on its own initiative, "this section provides for a method of disposition *once the case has been fully developed by both sides*, but before an actual trial." *Hernandez*, 2004 WL 573731, at *2 (emphasis in original).

A summary disposition under section 822.6(3) does not require notice of a PCR court's intention to dispose of the application and the reasons for doing so. But, as this court has reiterated, "[t]he underlying objective of the [PCR] summary disposition rules is to protect the applicant from having his application dismissed by the court *without an opportunity to respond in some manner*." *Brown v. State*, 589 N.W.2d 273, 274 (Iowa Ct. App. 1998) (emphasis added). Furthermore, "[w]here proper service has been made and the nonmoving party is on notice of the motion to dismiss, and where the nonmoving party is given adequate time to respond, the nonmoving party is thereby afforded an opportunity to respond." *Id.* at 275 (holding that when the requirements of service, notice, and the opportunity to respond have been met, "the court may summarily dismiss the application as a matter of default judgment").

Here, it appears that the PCR court relied on the second method for disposition of Sheffey's PCR application as time-barred. The State filed a motion to dismiss in May, and then Sheffey waited until August—after the July 11 deadline for requesting more time—to then request additional time to review the underlying file and to amend the application. The court did not dispose of Sheffey's application until more than thirty additional days passed, during which time Sheffey never resisted the State's motion to dismiss. Although Sheffey argues that the

court only relied on Sheffey's PCR application and attachments as well as the State's motion to dismiss and the claims were therefore not fully developed for consideration, Sheffey's failure to resist the motion is fatal to his claims.

In the end, Sheffey was on notice of the State's motion to dismiss and had adequate time and an opportunity to respond. Although this second method does not specifically require notice or an opportunity to respond, the procedure is analogous to a summary judgment procedure, and the principles of summary judgment apply. *See* Iowa Code § 822.6(3); *Manning,* 654 N.W.2d 559–60. A response is required to avoid a summary disposition. *See Brown*, 589 N.W.2d at 275. Sheffey has not alleged that he did not receive service of the State's motion to dismiss, nor has he alleged that he was given inadequate time between May and September 2022 to respond to the motion to dismiss. For these reasons, there is no procedural defect here, and the PCR court properly ruled on the State's motion.

## IV. Conclusion.

We conclude that the PCR court properly summarily disposed of Sheffey's application because he was served with the State's motion to dismiss, provided with an opportunity and adequate time to respond, and failed to do so. For these reasons, the court correctly applied the law governing early determination of PCR applications, and we affirm.

**AFFIRMED.**