# IN THE COURT OF APPEALS OF IOWA

No. 23-1736
Filed February 5, 2025

**MONTRELL DESHONE ANDERSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Montrell Anderson appeals the dismissal of his third application for postconviction relief from his 2005 convictions for first-degree burglary and second-degree sexual assault. **AFFIRMED.**

Joseph C. Glazebrook of Glazebrook Law, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Chicchelly, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Montrell Anderson appeals the dismissal of his third application for postconviction relief (PCR) from his 2005 convictions for first-degree burglary and second-degree sexual assault.[1] He filed his third application in November 2021, claiming new evidence of material facts requires the court to vacate his convictions in the interest of justice. *See* Iowa Code § 822.2(1)(d) (2021). Anderson provided the following list of grounds and allegations of fact in support of his application: "Police report that the DA withheld, new witness testimony, unrele[ased] medical records, withheld text messages, new voice analyst, new evidence that support[s] inef[f]ective legal counsel. New evidence that support[s] false statements by law enforcement." He did not identify or attach any evidence supporting his application.

More than one year passed without further action on the application. So, in April 2023, the PCR court scheduled a review hearing. Nine days later, the State moved to dismiss the application as untimely under Iowa Code section 822.3. Anderson did not file a written resistance but testified at the unreported hearing on August 2. As summarized in the PCR court's ruling, Anderson acknowledged one of the grounds for his application—the victim recanting—was raised in a prior PCR action. Anderson was also unable to state "with any specificity" the new facts his application relies on. The PCR court granted Anderson until August 31 "to file a

---

[1] This court affirmed Anderson's convictions on direct appeal. *State v. Anderson*, No. 06-1212, 2007 WL 750561, at *1 (Iowa Ct. App. Mar. 14, 2007). It also affirmed the denial of Anderson's first PCR application, *Anderson v. State*, No. 10-0182, 2010 WL 5394782, at *8 (Iowa Ct. App. Dec. 22, 2010), and the dismissal of his second PCR application, *Anderson v. State*, No. 16-1001, 2017 WL 2665109, at *2 (Iowa Ct. App. June 21, 2017).

responsive pleading indicating what the new evidence was and why it could not have been discovered in the appropriate time frame." When Anderson failed to do so, the PCR court granted the State's motion for summary disposition and dismissed the PCR application.

Anderson appeals the dismissal of his PCR application, which we review for correction of errors at law. *See Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). Dismissal is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (quoting Iowa R. Civ. P. 1.981(3)). The State, as the moving party, bears the burden of proving there are no genuine issues of material fact. *See id.* We review the record in the most favorable light to Anderson. *See id.*

The PCR court dismissed Anderson's PCR application as untimely under Iowa Code section 822.3, which requires that PCR applicants file their applications within three years of the date the conviction is final or the date in which procedendo is issued on appeal. Anderson's application, filed more than fourteen years after his direct appeal was resolved, falls outside that period. But Anderson argues that his claims fall within the statutory exception for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Anderson bears the burden of showing both that the ground could not be raised within the three-year limitation period and is relevant to the challenged conviction. *Moon*, 911 N.W.2d at 143. Because Anderson "failed to file any pleading, brief, or

information regarding the new evidence or why it could not be discovered during the appropriate timeframe," the PCR court dismissed the application.

Anderson first contends the PCR court erred by dismissing his application before discovery was complete, claiming he was "denied any reasonable opportunity to present facts to back up his legally cognizable claims." But the record does not support Anderson's claim. Anderson filed his PCR application in November 2021, and the hearing on the State's motion to dismiss was held in August 2023, giving Anderson almost two years to develop his claims. Even after the hearing was held, the PCR court gave Anderson another month to describe the evidence he was relying on for PCR and explain why it was not discoverable during the three-year limitation period. But Anderson neither seized that opportunity nor asked the PCR court for more time. *See* Iowa R. Civ. P. 1.981(6) (providing that the court may deny summary judgment or order a continuance to permit further discovery when the opposing party cannot present facts justifying opposition). Without identifying the evidence supporting his application or explaining why it was unavailable earlier, Anderson failed in his burden of showing his claims fall within an exception to section 822.3. On this basis, dismissal was appropriate.

Anderson also contends that the unreported hearing on the State's motion to dismiss amounts to structural error. He cites Iowa Code section 822.7, which applies to hearings on the merits of the PCR application. But nothing in chapter 822 requires that the PCR court hold a hearing on motions for summary judgment. *See Brown v. State*, 589 N.W.2d 273, 275 (Iowa Ct. App. 1998) (holding that "nothing prevents" the court from ruling on a motion for summary judgment on

PCR application without a hearing); *Abdic v. State*, No. 18-0321, 2018 WL 6707752, at *1 (Iowa Ct. App. Dec. 19, 2018) ("No hearing was held on the motion to dismiss, but no hearing was required."). And we are aware of no legal authority holding that failure to report a hearing can amount to structural error. Thus, this claim fails.[2]

Finally, Anderson contends the PCR court erred by denying his motion to amend, enlarge, and reconsider its ruling. In his motion, Anderson implies that he needed more time to respond because his counsel was limited to a thirty-minute phone call with him on August 8 and could not schedule another call until September 12. The motion then sets forth five allegations about what the victim of his crimes "has recently done or said," argues this conduct is "not the conduct of an individual alleging rape," and claims this evidence "was not discoverable at the time of . . . [the] prior PCR hearing[]." But these bald assertions rely on speculative inferences, lack supporting documentary evidence or affidavit, and are not enough to generate a genuine issue of material fact. *See* Iowa R. Civ. P. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for

---

[2] Even if there were merit to Anderson's claims that the PCR court prematurely dismissed his application and erred by holding an unreported hearing on dismissal, Anderson failed to preserve error because he never raised those specific claims nor obtained a ruling on them. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).

trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered."); *Castro v. State*, 795 N.W.2d 789, 795 (Iowa 2011) ("An inference to create a triable issue in response to a motion for summary judgment cannot be based on conjecture or speculation."); *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 819 (Iowa 2019) (Appel, J., dissenting) ("A moving party cannot shift the burden to the other party through a conclusory motion for summary judgment not supported by undisputed facts.").

Because Anderson failed to show the existence of new ground of fact that is relevant to his convictions and could not be raised during the period set out in section 822.3, we affirm the order dismissing his third PCR application.

**AFFIRMED.**