# IN THE COURT OF APPEALS OF IOWA

No. 24-1296
Filed August 6, 2025

**CODY LEE SMITH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Cody Smith appeals the dismissal of his application for postconviction relief challenging his 2022 conviction for aggravated assault. **AFFIRMED.**

Steven J. Drahozal, Assistant Public Defender, State Public Defender— Wrongful Convictions Unit, Des Moines, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Cody Smith appeals the dismissal of his application for postconviction relief (PCR) challenging his 2022 conviction for aggravated assault. He contends the court erred by dismissing the application because it failed to provide him with an opportunity to respond and a material question of fact exists. We affirm.

The State charged Smith with aggravated assault in October 2021. In January 2022, Smith pled guilty to the charge. The district court sentenced Smith to serve a sixty-day jail sentence.

Smith applied for PCR in August 2023,[1] alleging four grounds for PCR:

A. ☐ The conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state.
B. ☒ The court was without jurisdiction to impose sentence.
C. ☐ The sentence exceeds the maximum authorized by law.
D. ☒ There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.
E. ☐ (1) Applicant's sentence has expired.
☒ (2) Applicant's probation, parole, or conditional release has been unlawfully revoked.
☐ (3) Applicant is otherwise unlawfully held in custody or other restraint.
F. ☒ The conviction or sentence is otherwise subject to collateral attack upon ground(s) of alleged error formerly available under any common law, statutory, or other writ, motion, proceeding, or remedy.

But Smith provided no support for his claims. For a specific explanation of the grounds for PCR and allegations of facts, Smith wrote: "Retrial. Court was without jurisdiction." For facts within Smith's personal knowledge that support the

---

[1] Smith was unrepresented in the PCR action.

application, Smith wrote: "Falsely charged." He attached no documents supporting his application, stating, "I am incarcerated. Lack of resources."

In September 2023, the State answered Smith's application and denied each ground. At the same time, the State moved for summary disposition. It argued that because Smith pled guilty and admitted the facts of the charge, the court had subject matter and personal jurisdiction in the criminal case.

The PCR trial was scheduled for August 2024. No further action was taken until the court reviewed the file in July 2024. The court noted that Smith never resisted the State's motion for summary disposition. It found that Smith never explained how the court lacked jurisdiction in the underlying criminal action. Nor did Smith ever challenge the court's jurisdiction in the criminal action. The PCR court determined that the undisputed facts showed the criminal court had both personal and subject matter jurisdiction at the time it imposed judgment and granted summary disposition for the State, dismissing Smith's PCR application. Smith appeals.

We review a grant of summary disposition on a PCR application for correction of errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). We affirm if the record shows "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Iowa R. Civ. P. 1.981(3)). The State, as the moving party, bears the burden of proving there are no genuine issues of material fact. *See id.* We review the record in the light most favorable to Smith. *See id.*

Smith contends the PCR court erred by dismissing his application without providing him an opportunity to reply under Iowa Code section 822.6(2) (2023),

which allows the court to dismiss a PCR application when it is satisfied that the applicant is not entitled to PCR and no purpose would be served by further proceedings. Before the court can dismiss a PCR application under section 822.6(2), it must notify the parties of its intent to dismiss and the reasons for dismissal. It must also give the PCR applicant an opportunity to reply to the proposed dismissal. *See* Iowa Code § 822.6(2). Smith complains he was never allowed to respond. But the district court granted summary disposition under section 822.6(3), not section 822.6(2). Under section 822.6(3), the court can grant summary disposition on either party's motion if the record shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." The court was not required to provide a hearing on the State's motion. Smith was given notice of the motion and an opportunity to respond, and he failed to do so.

Smith also contends that summary disposition was inappropriate because there is a genuine issue of material fact in dispute. He claims that his statement in the PCR application that he was falsely charged raises a claim of actual innocence, a genuine issue of material fact. But the PCR court did not address the claim in its ruling. Because Smith never raised this failure by moving the court to enlarge under Iowa Rule of Civil Procedure 1.904(2), any error is not preserved. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012); *Williams v. State*, No. 23-0599, 2024 WL 3518250, at *2 (Iowa Ct. App. July 24, 2024) (holding PCR

applicant must raise PCR's court's failure to address grounds for PCR in granting summary disposition to preserve error on appeal).  We therefore affirm.

**AFFIRMED.**

Schumacher, J., concurs; Tabor, C.J., dissents.

**TABOR, Chief Judge** (dissenting).

I respectfully dissent. To me, it is not clear from the record that Smith had proper notice and an opportunity to respond to the State's motion for summary disposition. Smith asserts that the State failed to properly serve him with its answer and motion for summary disposition. Rather than rebutting that assertion, the State counters that Smith "received actual notice of his case's progress." The State points to three procedural orders (Notice of Civil Trial-Setting Conference, Notification of Individual Assignment of Judge, and Trial Scheduling Order), all of which closed with a sentence directing the clerk of court to deliver copies to self-represented litigants. But nothing in the record shows that Smith received those procedural orders from the clerk. And the State doesn't even claim that he received—by any means—its motion for summary disposition.

In my view, affirming the summary disposition here ignores the "objective of the postconviction relief summary disposition rules," which is "to protect the applicant from having his application dismissed by the court without an opportunity to respond in some manner." *Brown v. State*, 589 N.W.2d 273, 274 (Iowa Ct. App. 1998). The majority finds, "Smith was given notice of the motion and an opportunity to respond." My reading of the record does not support that finding. I would reverse the ruling granting summary disposition and remand for further proceedings. While Smith is not automatically entitled to a hearing on the State's motion and may not be entitled to an evidentiary hearing, he has the right to respond to the State's filing and to have his response considered before a ruling is issued. *See id*. at 275 ("Where proper service has been made and the nonmoving party is on notice of the motion to dismiss, and where the nonmoving

party is given adequate time to respond, the nonmoving party is thereby afforded an opportunity to respond.").